F. B. VAUGHN et al., Respondents, v. WABASH RAILWAY COMPANY, Appellant.

78 639
81 469
78 639
101 453

### St. Louis Court of Appeals, February 7, 1899.

**Shipping Agreement: SPECIAL CONTRACT: DAMAGES.** In the case at bar, the special contract, supported as it was by a reduced rate, entitled defendant to the exemptions from liability which it contained, except to relieve it from liability for negligence, and the loss therein provided for not having been occasioned by the negligence of the defendant, the terms of the contract must govern the rights of the parties as to the damages recoverable.

*Appeal from the Audrain Circuit Court.*—HON. ELLIOTT M. HUGHES, Judge.

REVERSED AND REMANDED (*with directions*).

W. W. FRY for respondents.

It is well settled that a carrier can not by any kind of agreement or contract exempt itself from loss caused by reason of its own negligence. McFadden v. Railroad, 92 Mo. 342; Killerman v. Railway, 136 Mo. 190; 16 Am. and Eng. R. Cas. 164; 6 Rapalje and Mack's Digest Ry. L., sec. 31, p. 345; Davis v. Railway, 89 Mo. 340. When a carrier claims his common law ability is limited by contract the burden is upon him to show it, and such contracts are interpreted most strictly against the carrier. Rosenfield v. Railroad, 21 Am. and Eng. R. 87; 53 Am. Rep. 500; Jennings v. Railroad, 49 Am. and Eng. R. 98; Louisville R. v. Nicholas, 30 N. E. Rep. 424. A carrier can not by any agreement, however plain and explicit, relieve itself from liability from injury resulting from its gross negligence or fraud. Black v. Goodrich Transp. Co., 55 Wis. 319; 6

Rapalje & Mack's Digest Ry. L., p. 344, sec. 29.    *   *   *
If this contract was valid and limited the damage, it was
only the damage caused by delay, not damage caused by
negligence in handling and damage received while being
carried.   Such damage could not be contracted against and
fixed by the rule in Ballentine v. Railroad, 40 Mo. 491-506;
Pruit v. Railroad, 62 Mo. 527; Gray v. Railroad, 54 Mo.
App. 666.   This contract is void because it exempts the de-
fendant from liability.   Here is a loss of $700, by the
contract, it is claimed, limited to a $6 feed bill.   This was
equal to a total exemption.   Vaughn v. Railway, 62 Mo
App. 466.   Here a delay "from any cause whatever" re-
sulting in damage ever so large to plaintiff is fixed at the feed
bill so small as to be no damage.   Katchum v. American
Ex. Co., 52 Mo. 396; Roas v. Railway, 50 Mo. 199; Rice v.
Railway, 53 Mo. 314; Ball v. Railway, 83 Mo. 574.   There
was no consideration for the exemption or limitation of dam-
ages.   The recital in the contract that the rate named was
a reduced rate is not true.   The evidence is to the effect that
the rate was the regular and customary rate.   Defendant's
agent at Martinsburg and the shippers so testified.   The
jury has so found by its verdict.   McFadden v. Railway,
92 Mo. 343; Kellerman v. Railway, 136 Mo. 177; Doan
v. Railway, 38 Mo. App. 408-420.   It must be proven in
fact to be a reduced rate given for a valuable consideration.
Vaughn v. Railway, 61 Mo. App. 466; Moulton v. Railway,
31 Minn. 85; Bechl v. Railway, 56 N. W. Rep. 333.


F. W. LEHMAN and GEO. S. GROVER for appellant.

The special contract, supported as it was by a reduced
rate, was valid, and constituted the final agreement between
the parties.   Railroad v. Cleary, 77 Mo. 634; McFadden v.
Railroad, 92 Mo. 343; Bank v. Railway, vol. 33, No. 4, S.
W. Rep., p. 521; Kellerman v. Railway, 34 S. W. Rep. No.

1, p. 41. The plaintiffs' measure of damages for the detention of his live stock in East St. Louis over Sunday was liquidated by the contract of shipment, at the sum expended by him for the purchase of food and water for said stock while so delayed. This agreement, based as it was upon a reduced rate as a consideration, was valid. Harvey v. Railroad, 74 Mo. 538; McFadden v. Railroad, 92 Mo. 343; Hart v. Railroad, 112 U. S. 331; Hutchinson on Carriers [2 Ed.], sec. 249, p. 285 and cases cited. * * * The court should not have permitted a recovery for the steer injured in transit between Martinsburg and St. Louis, nor was there any evidence of negligence on any portion of the route. Vaughn v. Railroad, 62 Mo. App. 467. The plaintiffs were not entitled to recover any damages by reason of the detention of the cattle in East St. Louis on Monday and Tuesday, as that delay was the result of their own deliberate choice. Atkinson v. Railroad, 80 Mo. 213; Myers v. Railroad, 90 Mo. 98. The court gave erroneous instructions at plaintiffs' request. Authorities cited *supra*. The court gave improper instructions of its own motion. Authorities cited *supra*. The court refused proper instructions asked by defendant. Authorities cited *supra*.

BOND, J.—This case was here on a former appeal, when it was reversed and remanded (62 Mo. App. 461). Upon a trial thereafter it was appealed to the supreme court and transferred for want of jurisdiction in that court to this court. See manuscript opinion on file. The action is by the owner for damages alleged to have been caused by delay in the transportation of sixty-four head of cattle from the point of ship ment to Chicago. The answer set up a special contract for carriage, which provided, among other things, that all damages caused by delay should be compensated by the repayment to the shipper of the sums expended by him for food and water for the cattle. There was a verdict and judgment

VOL. 78 app—41

for plaintiff for $352.80, from which this appeal is prosecuted.

The evidence tended to show that the cattle were delayed at the starting point several hours on account of the blocking of the road by the derailment of a train; that they started on their journey early in the morning of Saturday, June 11, and reached St. Louis within running time between that city and the place of shipment; that they were transferred across the river to East St. Louis, and reached that point on Sunday, too late to be transported to Chicago for the Monday morning market, to wit, June 13; that they were unloaded and placed in the stock yards there and were not forwarded next day, nor until Tuesday, because plaintiff did not wish them to reach Chicago until the Wednesday market, to wit, June 15; that by reason of this delay in the transportation the shrinkage in weight of the cattle was sufficient to justify the verdict of the jury. The instruction properly submitted this issue to the jury, and their verdict is conclusive, unless the provisions of the contract of shipment debarred plaintiff from any claim of damages for delay beyond the amount expended by him for the keep of the cattle during that interval. It appears from the evidence that the shipping rate guaranteed plaintiff for through carriage was eighteen cents per hundredweight, which the uncontradicted evidence shows was a reduced rate given in exchange for the exemption specified in the shipping agreement. On the former appeal it was ruled that $6, the sum then shown to have been expended for keep of the cattle during the delay at East St. Louis was so inconsiderable as to amount to an entire exemption from liability, and therefore an unreasonable stipulation in the contract of shipment. On the present trial it was shown that $18 were spent for feed and water. It is also shown on the present trial that the reduced rate given the shipper was a reduction of four cents per hundredweight on

the next highest schedule, to wit, twenty-two cents per hundredweight, and a reduction of about nineteen cents per hundredweight from the highest schedule, to wit, thirty-seven cents per hundredweight, charged for shipment from Martinsburg to Chicago. If plaintiff procured the lowest of these three rates of charges established by defendant in consideration of the execution by him of the shipping contract set up in defendant's answer, the claim that this special contract was supported by an adequate consideration is clearly well taken, and defendant was entitled to the exemptions from liability which it contained in so far as they did not relieve it from liability for negligence, as to which it is the settled policy of the law that a carrier can not secure an exemption by contract. Nor are we precluded from announcing this rule by the ruling of this court on the different proof presented in the record on the former appeal. This question has been put at rest in a recent decision of the supreme court overruling its former decision in the same case. In speaking of this privilege it is there said: In so doing we inaugurate no new practice in this court. In the recent case of Bird v. Sellers, 122 Mo. 32, the title to certain real estate was in dispute and the revenue law of the state was under consideration, and it appeared that the same matter had been decided by the second division of this court, but the first division came to a contrary conclusion, and Brace, Judge, speaking for the court said: "Although the general rule is that whatever has been once passed upon here on appeal will in the same case upon a second appeal be treated as no longer open to dispute or further controversy, yet this is not an inexorable rule without exceptions, but has been frequently departed from when such adjudication has been found to be wrong, not in harmony with our decisions of the court, and no injustice or hardship would result from overruling the former decision. In the still more recent case of Rutledge v. Railroad, 123 Mo. 131,

it was said by Barclay J., for the court *in banc :* "There is no immutable fiat of jurisprudence forbidding a change of rulings on second appeal. One decision may discard a rule of law announced in another. Courts of last resort occasionally find it proper and just to overrule and thus correct their former declarations of legal principles. It sometimes is a matter of congratulation that justice can be finally done, in that manner, in the same cause, on a later appeal when necessary." Wilson v. Beckwith, 140 Mo. loc. cit. 369 and 370. It is not necessary, however, to invoke this doctrine on the present appeal, for as has been shown, the evidence contained in the present record is different from that presented on the former appeal, and it has never been held that a ruling upon one state of facts is conclusive adjudication of the law applicable to a state of facts essentially different from the former. The record now before us is substantially different from that presented on the first appeal. We are unable to discover from it that the shipping contract executed by the parties was procured by imposition or fraud, nor do we find any substantial evidence that the delay in the transportation of the cattle resulted from negligence on the part of the carrier. The evidence shows that the delay in the transportation from Martinsburg to St. Louis was occasioned by an accident of derailment of a train having a prior right of way, which caused the cattle to arrive at East St. Louis too late to be transported to Chicago in time for the next day's market, and that at plaintiff's request they were detained in East St. Louis until the succeeding Tuesday, for which subsequent detention defendant was in no wise responsible. As the delay was attributable to these causes only, it was not a negligent act on the part of defendant. Myers v. Railroad, 90 Mo. 98; Atchison v. Railway, 80 Mo. 213. The liability under the special contract having thus accrued and it being supported by an adequate consideration and having been executed neither by fraud nor mistake, and the loss therein provided

for not having been occasioned by the negligence of defendant, the terms of the contract must govern the rights of the parties as to the damages recoverable. Kellerman v. Railway, 136 Mo. 177; Harvey v. Railway, 74 Mo. 538; Hance v. Railway, 56 Mo. App. loc. cit. 482; Rogan v. Railway, 51 Mo. App. 674. The result is the judgment is reversed and the cause remanded, with directions to the trial judge to enter judgment for plaintiff for $18, the amount expended by him for keep of the cattle, and which it is but just to say was the theory of the learned trial judge when this cause was first tried before him. It is so ordered. Judge Bland concurs; Judge Biggs dissents.