## AMERICAN STORAGE & MOVING COMPANY, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

**St. Louis Court of Appeals, October 16, 1906.**

1. **STREET RAILWAYS: Excessive Speed.** What is a dangerous and reckless speed of a street car depends upon circumstances such as whether the street is thronged with pedestrians or not, or whether it is broad daylight or at night with the streets poorly lighted. Where a street car at night ran upon and collided with a wagon going in the same direction with such force as to smash it, and the evidence tended to show that the speed was thirty miles an hour, and that the street was in such condition that the wagon could travel only on the track, the question of excessive speed was properly submitted to the jury.

2. **BAILMENT: Damages to Property Bailed.** Where the owner of a moving van hauling a load of furniture collided with a street car so that the furniture was destroyed through the negligence of the street railway company, he could recover as bailee for the value of the furniture destroyed, regardless of the ownership.

3. **STREET RAILWAYS: Contributory Negligence: Duty of Motorman.** A driver of a vehicle upon a street railway track in a public street has a right to presume that the motorman running a car which approaches him from the rear, will take proper precautions to prevent a collision and he is not prevented from

recovery for damages caused by a collision through the negligence of the motorman, even though he had been negligent in failing to look and listen.

4. **PRACTICE: Instruction: Conforming to Issue.** In an action for damages on account of personal injuries, where there was a plea of contributory negligence in defense, an instruction asked by the defendant upon the theory of contributory negligence which did not conform to the particular contributory negligence alleged, was properly refused.

Appeal from St. Louis City Circuit Court.— *Hon. Warwick Hough*, Judge.

AFFIRMED.

*George T. Priest* for appellant.

It is error to submit to the jury in an instruction an issue, which there is no evidence to support. There was no evidence that the car was driven at a dangerous and reckless speed. Holden v. Railroad, 177 Mo. 456.

*Davidson & Russell* for respondents.

There is nothing in defendant's contention that plaintiff's instruction numbered 4, allowing a recovery for the damage to the goods belonging to another which were damaged in this collision, was erroneous. It is immaterial on what ground the learned judge permitted this recovery, and it is of no importance whether his holding that plaintiff was a common carrier was correct or not, because a simple bailee may maintain an action for injury to goods in his possession. Railroad v. Railroad, 78 Mo. App. 245; State v. Moore, 101 Mo. 316.

BLAND, P. J.—Action to recover damages to two horses, a set of harness, a moving van and a van load of furniture, caused by a collision between the van and one of defendant's street cars, on Hamilton avenue, in the city of St. Louis, on the 26th day of March, 1904. The United Railways Company was joined as a defendant

but the suit as to it was dismissed by the plaintiff at the close of its evidence, and the trial proceeded against the Transit Company, resulting in a verdict and judgment in plaintiff's favor for $138.20, from which defendant appealed.

On the part of the plaintiff, the evidence tends to show that it is engaged in the business of moving and storing furniture and household goods; that on March 26, 1904, one of its moving vans, loaded with furniture, was traveling south on the west track on Hamilton avenue, which runs north and south, at about nine o'clock p. m., when it was struck by a street car traveling in the same direction, with such force as to wreck the van, make kindling wood of the furniture and throw the horses on the street, injuring them and tearing up the harness. Plaintiff's evidence is that the moon was shining and the street lamps at all the street crossings were lighted, affording sufficient light to have enabled the motorman to see the van for three or four hundred feet, if he had looked. A number of witnesses for the plaintiff, in a position to hear, had the gong been sounded, testified that it was not sounded, and two of them testified that the car was traveling at the very rapid rate of speed — one of them placing the speed at thirty miles an hour. The driver of the van testified he did not hear the car or gong and was unaware of the approach of the car until it struck the van; that he had been traveling on the west track for four or five blocks and had looked back several times, but did not see a car approaching; that on account of the street being torn up and obstructions placed in it, he was compelled to drive on the railroad track.

The defendant's evidence tends to prove that the night was dark, and the street poorly lighted. The motorman testified he did not see the van, although he kept a vigilant watch ahead, until his car was within thirty-five or forty feet of it, too short a space in which to stop

or check the speed of the car and avoid the collision. This witness also testified that when he saw the van it was traveling on the east track, and the driver turned diagonally across the street and drove on the west track, immediately in front of his car. Both the motorman and conductor testified that the going was sounded at the approach of each street crossing and again at or about midway of each block as the car traveled south.

The negligence alleged in the petition was, running the car at a dangerous and reckless speed, and the failure of the motorman to sound the gong or give other warning of the approach of the car.

1. In the first instruction given for plaintiff, it was submitted to the jury to find whether or not the car was running at a dangerous and reckless speed. Defendant contends that the submission of this issue was erroneous, for the reason there is no evidence tending to show the car was running at a dangerous and reckless speed. It is well-settled law that an issue, though raised by the pleadings, should not be submitted to the jury unless there is some evidence in support of it. What would be a dangerous and reckless speed of a street car depends largely upon circumstances. A speed of less than eight miles per hour on a street thronged with pedestrians crossing and recrossing the street, would be a dangerous and reckless rate of speed, whereas a speed of twenty miles per hour on an open but infrequently traveled country road, would be neither dangerous nor reckless. [Holden v. Missouri Railroad, 177 Mo. 456.] So, a speed run in broad daylight, on a well paved street, might be perfectly safe, but would be dangerous and reckless if run in the nighttime on a poorly lighted street, in such condition that vehicles could only travel on the railroad tracks. There is evidence that the street was in such condition the van could only travel on the railroad tracks, and that the car was running at a very rapid speed and, according to defendant's evi-

dence, the street was very badly lighted and the night dark. We think this evidence warranted the court in submitting to the jury to find whether or not the speed of the car was dangerous and reckless.

2. The evidence shows the furniture with which the van was loaded was the property of one Marks, and that plaintiff was hired to move it. Plaintiff's instruction numbered 4, authorized a recovery for the value of the furniture. Defendant contends that this was error, for the reason plaintiff did not allege in its petition that it was in the possession of the furniture as a common carrier. We think this was immaterial, as the petition shows the furniture was contained in plaintiff's van. As bailee plaintiff was entitled to recover the value of the furniture, and such recovery prevents a further recovery by the owner. [Chicago & Alton Railroad v. Kansas City, etc., Railroad, 78 Mo. 245.] Therefore, the defendant was not prejudiced in the least by the failure of the petition to allege that the plaintiff was in possession of the furniture as bailee.

3. The court refused the following instruction asked by the defendant:

"3. If the jury believe from the evidence that the furniture van was being driven southwardly in the southbound car track, then the court instructs you that it was the duty of the driver of said van to exercise ordinary care to look and listen for the approach of a car thereon from the rear, and to avoid collision therewith. And if you find from the evidence that said driver failed to exercise such care, and that if he had done so he could have seen or heard the car in time to have avoided the collision then plaintiff is not entitled to recover, notwithstanding you may further find from the evidence that the motorman on said car failed to give warning of its approach by bell, gong or otherwise, and notwithstanding said car was running at a dangerous and reckless speed."

In Conrad Crocer Co. v. Railroad, 89 Mo. App. 391, we held: "It is the duty of the motorman on a street railway, when he sees a wagon ahead of him on the same track, going in the same direction, to timely warn the driver of the approach of the car, and it is equally his duty, when on account of darkness he is unable to see vehicles or pedestrians that may be on the track, far enough ahead of him to give them timely warning, of the car's approach, to continuously sound the gong in anticipation of their being on the track.

And a driver of a wagon on a street railway track under such circumstances has a right to rely upon the sound of the gong to give him timely warning of the approach of the car, and the failure of the driver to look back is not such contributory negligence as to preclude the right to recover when defendant collided with the wagon."

In Latson v. St. Louis Transit Co., 192 Mo. 449, 91 S. W. 109, the Supreme Court, on a state of facts somewhat similar to the facts in the case in hand, held that a driver of a vehicle on a street railroad track, laid on a public street, has the right to presume that a motorman will so run his car that a collision will not occur with the vehicle, even though the driver does not do his duty. The instruction was opposed to these authorities and for this reason was properly refused.

The court refused the following instruction asked by defendant:

"4. If the jury believe from the evidence that the furniture van in question was being driven southwardly on the east side of the southbound car track, and that just before the southbound car had gotten to the van, the van turned suddenly toward or upon the southbound track, and as it did so was struck by the car, then plaintiff is not entitled to recover."

The evidence of defendant's motorman was to the effect that the driver of the van turned off the east track

and drove diagonally on the west track, in front of and in close proximity to his car. The evidence of the driver of the van, and of two other witnesses, who were near the van, was that the driver of the van drove on the west track several blocks north of the point of collision and continued on it until the collision occurred. Defendant's plea of contributory negligence is as follows:

"Further answering, defendant states that the damage, if any, to plaintiff's team and wagon was caused by the negligence of plaintiff's driver in negligently and carelessly driving on and negligently and carelessly remaining on the track directly in front of a moving car."

The instruction does not conform to the defendant's plea of contributory negligence, and as defendant did not offer to amend its pleading to conform to the evidence of its motorman, the instruction sought to submit an issue not raised by the pleadings, and for this reason was properly refused.

No reversible error appearing, the judgment is affirmed. All concur.