WINFREY, Respondent, v. ST. LOUIS TRANSIT
COMPANY, Appellant.

**St. Louis Court of Appeals, January 22, 1907.**

**DAMAGES: Personal Injuries: Excessive Verdict.** Where, in an action for personal injuries, the evidence showed the plaintiff had severe cuts about his head and face which caused him to be under the care of a physician for five or six weeks, that his lips were cut, some of his teeth knocked loose, that he incurred a doctor bill of $125, a verdict for $800 was not excessive.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor,* Judge.

AFFIRMED.

*Sears Lehmann* with *George W. Easley* for appellant; *Boyle & Priest* of counsel.

*Davidson & Russell* for respondent.

BLAND, P. J.—The action is to recover for personal injuries to plaintiff, caused by a collision between one of defendant's street cars and a furniture van plaintiff was driving on Hamilton avenue, in the city of St. Louis, on March 26, 1904. The van belonged to the American Storage & Moving Company, and the facts in regard to the collision are fully set forth in the case of American Storage & Moving Company v. Transit Company, 120 Mo. App. 410, 97 S. W. 184. Plaintiff recovered a verdict for eight hundred dollars.

In respect to plaintiff's injuries, his attending physician testified as follows:

"He had, first, severe cuts about the head and face, and there was one cut across the head, which extended about three inches square, and it had been torn off of the bone and laid back, and that had been sewn together

and the lacerated cut extended down the bone, down the middle of the forehead, running down the base of the nose, and several minor cuts about the cheek and side of the face and the lips, and some teeth were knocked loose and the lips were cut and there were several bruises about the shoulders, back and left side, and a sprained ankle; and when I saw him the next morning after the injury he was dazed, showing the effects of a severe blow to the head, and I believe that is about all.

"Q. How long did that dazed condition continue, doctor? A. Well, he was dazed for a week or so, about a week.

"Q. How long did you continue to treat him? A. Five or six weeks, six weeks, I think."

The above witness also testified that his services were reasonably worth one hundred and twenty-five dollars.

The verdict is not in the least excessive. In all other respects, the case is identical with the case of American Storage & Moving Company v. Transit Company, supra, and for the reasons therein stated, and for the further reason that the verdict is manifestly for the right party, the judgment is affirmed. All concur.