EMILIE ENGELMAN, Respondent, v. METROPOLI-
TAN STREET RAILWAY COMPANY, Appel-
lant.

**Kansas City Court of Appeals, November 16, 1908.**

1. **STREET RAILWAY: Collision: Warning: Negligence: Con-
tributory Negligence.** A traveller is not a passenger while
on the street car track but must exercise care commensurate
with the danger of his position, and if he can see an approach-
ing car and fails to, he is guilty of contributory negligence.

2. ———: ———: ———: ———: ———. Whether un-
der the conditions on a dark, rainy night and the rate of
speed of the car a traveller exercised sufficient care in look-
ing out for an approaching car is a question for the jury.

3. ———: ———: ———: ———: ———. Evidence re-
lating to the darkness of the night, the rate of speed of the
car and the surrounding circumstances is held as tending to
show negligence since what is care on one occasion may be
gross negligence on another.

4. ———: ———: ———: ———: ———: **Instruction.** The
pleading and an instruction are compared and the former
approved since a plaintiff is not required to submit all the
averments in his petition to the jury by instructions.

5. ———: ———: ———: ———: ———: ———. "Proper warning"
used in instruction held to mean nothing more than warning.

6. **DAMAGE: Married Women: Medicines: Hospital Charges.** In
an action for personal injury by the wife to make the de-
fendant liable for hospital services and medicines it must
be shown that she contracted for the same.

Appeal from Jackson Circuit Court.—*Hon. E. E.
Porterfield,* Judge.

AFFIRMED *si.*

*John H. Lucas* and *Frank G. Johnson* for appellant.

(1) The first and principal error of the court in
the trial of this case was its refusal to give a peremp-
tory instruction in favor of defendant. McGauley v.
Transit Co., 179 Mo. 590; Noll v. Transit Co., 73 S. W.
907; Buren v. Transit Co., 104 Mo. App. 231; Lien v.

Railroad, 79 Mo. App. 479; Petty v. Railroad, 179 Mo. 674; Reno v. Railroad, 180 Mo. 469; Fellenz v. Railroad, 106 Mo. App. 154; Cole v. Railroad, —Mo.—, 97 S. W. 555; Higgins v. Railroad, 197 Mo. 300, 95 S. W. 863. (2) The evidence contained in this record does not show any negligence upon the part of defendant. Buren v. Transit Co., 104 Mo. App. 231; Noll v. Transit Co., 73 S. W. 907. (3) The court committed reversible error in giving instructions in behalf of respondent. Kirkpatrick v. Railroad, 107 S. W. 1025. This instruction was clearly erroneous, both under the pleadings and the evidence. (4) The evidence in this case shows that defendant's employees neither saw, nor could, by any care or caution, have seen respondent, in time to have prevented the injury to her. The application of the doctrine of "the last fair chance" is therefore excluded. Fellenz v. Railroad, 106 Mo. App. 154; McLeland v. Transit Co., 105 Mo. App. 473; Cole v. Railroad, —Mo.—, 97 S. W. 555.

*Reinhardt & Schibsby* for respondent.

(1) In deciding whether a demurrer to the evidence should have been sustained by the trial court, the appellate court will assume that the jury believed the evidence introduced by the plaintiff and the evidence of the defendant's witness favoring plaintiff's case. Beier v. Transit Co., 197 Mo. 230. (2) The speed of a street car may not be in violation of any law or ordinance and yet, under the circumstances surrounding the act, constitute negligence; and whether it be negligence or not is a question of fact for the jury to decide. Haley v. Railroad, 197 Mo. 15; Zander v. Transit Co., 206 Mo. 445; Storage Co. v. Transit Co., 120 Mo. App. 412; Beier v. Transit Co., 197 Mo. 230; Cole v. Railroad, 121 Mo. App. 609; Hufner v. Transit Co., 197 Mo. 201; Murrel v. Railroad, 105 Mo. App. 94; Murray v. Transit Co., 108 Mo. App. 505; Heinzle v. Railroad, 182 Mo. 555;

Klorkenbrinck v. Railroad, 172 Mo. 687; Mullen v. Transit Co., 196 Mo. 582; Holden v. Railroad, 177 Mo. 473; 2 Thompson on Negligence, secs. 1395, 1397, 1404. (3) Street car companies and travelers on foot or by vehicle have equal rights in the matter of traveling on the street car tracks laid in the public street. Schafstette v. Railroad, 175 Mo. 142; Oates v. Railroad, 168 Mo. 544. (4) The operators of so dangerous a machine as a street car must sound the gong to warn people on the track of the approach of the car, and this duty becomes imperative if the operator's view of the track is obscured. Zander v. Transit Co., 206 Mo. 445; Conrad v. Railroad, 89 Mo. App. 391; Bechtenwald v. Railroad, 121 Mo. App. 595; Frank v. Transit Co., 99 Mo. App. 323; Noll v. Transit Co., 100 Mo. App. 372; Buren v. Transit Co., 104 Mo. App. 224; Goff v. Transit Co., 199 Mo. 694; 2 Thompson on Negligence, sec. 1392; Storage Co. v. Transit Co., 120 Mo. App. 423. (5) The question whether a traveler on a street car track has exercised ordinary care for his own safety is a question for the jury. Storage Co. v. Transit Co., 120 Mo. App. 415; Biscuit Co. v. Transit Co., 108 Mo. App. 302; Kimble v. Railroad, 108 Mo. App. 78; Zander v. Transit Co., 206 Mo. 445; Peterson v. Transit Co., 199 Mo. 340; Winn v. Railroad, 121 Mo. App. 628; Conrad v. Railroad, 89 Mo. App. 398; Mayes v. Railroad, 121 Mo. App. 619; Rapp v. Transit Co., 190 Mo. 158; Bechtenwald v. Railroad, 121 Mo. App. 602; Twelkemeyer v. Transit Co., 102 Mo. App. 190.

BROADDUS, P. J.—This is a suit for damages for an injury alleged to have been caused by the negligence of the defendant. The negligence is as follows:

"Plaintiff states that her said injury was directly and proximately caused by the defendant's negligent acts of commission and omission; that the defendant's agents and servants in charge of said car, in spite of

the fact that it was a dark, stormy and snowy evening and in spite of the aforementioned and known custom and practice of driving or riding on the defendant's track, negligently operated such car at a high, dangerous and excessive speed of ten miles an hour; that the said servants and agents saw, or by the exercise of reasonable care and caution on their part could or might have seen, that the plaintiff was on the defendant's track or in a dangerous position in time, by use of the appliances at hand, to have averted the aforesaid injury by using ordinary diligence, but that the said agents and servants, failing to use such ordinary diligence, negligently and carelessly and recklessly failed to use ordinary care and caution in maintaining a proper lookout for people, teams or obstructions on the track, and negligently failed to ring gong or give other warning of the car's approach and negligently failed to slacken or stop the speed of the car, by reason of all of which the above injury complained of occurred."

The evidence showed that plaintiff had been at the market square in Kansas City, from about ten o'clock a. m., of March 10th, until about ten-thirty o'clock at night when she started for her home in the locality known as the East Bottoms. She was riding in a one-horse spring wagon used for the purpose of carrying vegetables to market, in company with her husband. In order to reach home she drove east to Guinotte and Montgall avenues, where she turned north on Montgall avenue and drove all the way on the defendant's east track until the wagon was struck.

Plaintiff's evidence tends to show that while driving on defendant's track she looked back more than once to see if a car was approaching from the south and rear; that near the corner of Rochester avenue she looked back and saw no car; that again at about the distance of two hundred feet she looked back and saw a car approaching at a rapid rate of speed which struck the

wagon; that the night was dark and it was snowing, raining and sleeting; that a person could not see farther than twenty or twenty-five feet distant; that the motorman did not ring the bell or sound the gong, except that the bell was rung to let off a passenger at what was known as Heim's Electric Park; and that the car was going at the rate of from ten to twelve miles an hour.

Plaintiff's evidence tends further to show that Montgall avenue was the principal thoroughfare for people engaged in market gardening in going to and returning from market; that the street was unpaved and in a bad condition for travel and that in consequence thereof there was much travel along on defendant's track which was in better condition; that this condition had existed for a long time prior to plaintiff's injury; that defendant's agents knew that persons were liable to be on the track and in danger of being struck; and that the place where the injury occurred was in a block thickly populated. A witness stated that the night was very dark; that it was snowing, raining and sleeting very fast; and "It was an awful bad night, you could hardly stay out in it."

The cause was submitted to a jury on the theory that if the defendant was negligent in failing to give proper warning to persons of the approach of its car, or in the speed with which it was operated the defendant was liable unless the jury should find that plaintiff was herself guilty of contributory negligence. The finding and judgment were for plaintiff and defendant appealed. At the close of plaintiff's evidence and at the close of all the evidence the defendant asked the court to instruct in its favor which the court refused.

In McGauley v. Transit Co., 179 Mo. 583, it is held that a motorman "is not required to sound a gong as a warning to a wagon on the track which the operators do not see, in the suburbs of a city where there are no street crossings." It does not appear that there were

any unusual conditions existing in that case, such as the habitual use of the defendant's tracks by the public on account of the bad condition of the street, and that the wagon was struck in a thickly settled part of the city where there were street crossings; or that the car was operated at a dangerous rate of speed under the circumstances. It is conceded law that a traveler is not a trespasser while on a street car track, but that he must exercise care commensurate with the danger of his position or he will be chargeable with contributory negligence. If he can by looking see the approach of a car and fails to look and is struck he is not entitled to recover for any injury he may sustain thereby. [McGauley v. Transit Co., supra; Buren v. Transit Co., 104 Mo. App. l. c. 231.]

According to all the evidence the motorman could not have seen plaintiff's wagon on the track a greater distance than twenty-five feet. And it is also equally apparent if plaintiff had been looking at the time for an approaching car she could have seen it a greater distance on account of the headlight. But it is evident that she could not have seen it for so great a distance as it might have been seen on an ordinary dark night, by reason of the storm of rain and snow prevailing at the time. It was in our opinion a question for the jury to say, considering the conditions and the rate of speed in which the car was going, whether plaintiff exercised that degree of care required of her in looking for its approach. And what was a dangerous rate of speed also depends upon the circumstances. [Storage & Moving Co. v. Transit Co., 120 Mo. App. 410.]

The defendant's operators having knowledge of the condition of the street and that people traveled on its track, and knowing that a person could not be seen on the track in time, owing to the rate of speed in which the car was going, to prevent striking him, we think tended to show negligence. There is no author-

ity that we have seen that holds it is not the duty of the motorman under certain conditions to sound his gong to warn persons that may be on the company's tracks. It is a well-known fact that sometimes in cities even during daylight, that the fog is so intense that the headlights of a car can be seen but a short distance away and that warning signals of danger are constantly given in order to prevent injury to persons who may be on the streets. The condition of rain and snow sometimes produces a similar result. In such cases it becomes the duty of everyone on a public thoroughfare not only to look out for his own safety but to proceed not in the usual manner, but in a cautious manner to insure the safety of others. What would be care on one occasion might be the grossest negligence on another when the conditions were materially different. [Higgins v. Railway, 197 Mo. 300.]

The objection to plaintiff's instruction numbered one is that it does not apply to the allegation of the petition, as the jury was told that a failure upon the part of defendant's agents and servants to use ordinary skill and caution in running and operating said car, "either in the matter of giving persons that might be on the track proper warning of the approach of such car, or in the matter of the speed at which the car was operated at the time," would entitle plaintiff to recover, unless she was guilty of contributory negligence. It is true the petition charges, that defendant's agents saw, or by the exercise of reasonable care and caution could or might have seen that plaintiff was on defendant's track, in time by the use of the appliances on hand to have prevented her injury, but that they were negligent in failing to use ordinary care in maintaining a proper lookout for people, teams, etc., on the track, and negligently failed to ring the bell or sound the gong. It seems to us that the instruction is predicated on that part of the allegations of the petition,

that defendant's agents failed to use care in two respects: First, A failure to exercise care in the operation of the car, in the matter of giving persons who might be on the track warning of its approach, and, Second, The matter of the speed of the car. The plaintiff was not obliged to submit all the averments in her petition to the jury by instructions.

The instruction is also criticised because of the use of the words "proper warning." The word proper as used means nothing. Warning as understood could only mean notice of approaching danger. And if warning was given it was sufficient. It was not a matter for definition but one of fact. There are other criticisms of the instruction which are purely technical and could not affect the rights of the parties. And the objections to instruction numbered two are equally without merit.

In instruction numbered six given for the plaintiff on the question of damages the jury were told that they might consider: "Such reasonable obligation, if any, as you may believe from the evidence, has been necessarily incurred by plaintiff for medical attendance (not exceeding the sum of one hundred dollars), and for medicines and medical appliances and hospital charges (not exceeding the sum of twenty-five dollars)." The petition alleges that plaintiff has been obligated to pay for hospital fees and medicines in the sum of twenty-five dollars. It does not appear in what way she became liable for hospital services and medicines. There is no law that we are aware of making the wife liable for medicines or hospital services rendered for her benefit unless she so contracts. [R. S. 1899, sec. 4335.]

For the error in the instruction the cause is reversed, and remanded unless the plaintiff shall within ten days from this date, remit the said sum of $25. If a remittitur for that sum be entered within the time mentioned the cause will stand affirmed. All concur.