## PARKER-WASHINGTON COMPANY, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

St. Louis Court of Appeals, May 7, 1912

1. **APPELLATE PRACTICE: Former Decision: Law of Case: Different State of Facts.** Except under special circumstances, the law of a case, declared upon appeal, becomes the law of the case upon a second trial and subsequent appeal; but such questions of law are concluded only when thereafter considered with reference to the same state of facts, and if, on a retrial, a new state of facts appears, the prior ruling is not conclusive.

2. ———: ———: ———: ———. The reversal of a judgment for plaintiff, in an action for damages to a steam roller, for the reason there was nothing to show who owned the roller or how it came into plaintiff's possession, and the remand of the case for the purpose of permitting proof to be made on the question of ownership, is not conclusive against plaintiff's right to recover, on a second appeal, where the evidence supplied showed that the plaintiff was the bailee of the roller.

3. **BAILMENTS: Injury to Bailed Property: Right of Bailee: Parties.** A company in possession of a steam roller belonging to another company, under an agreement to pay a per diem rental and to return it in good order, was rightfully in possession of it as bailee, and, as such, was entitled to sue for and recover damages for an injury to it resulting from the tort of a third person.

4. **RES ADJUDICATA: Judgments: Bailments: Recovery for Injury to Bailed Property.** A recovery for damages to property in the possession of a bailee by either the bailee or the owner operates as a full satisfaction, in so far as the tortfeasor is concerned, and may be pleaded by him in bar of any subsequent suit by either of such parties.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Williams*, Judge.

AFFIRMED.

*Boyle & Priest, G. T. Priest* and *Paul U. Farley* for appellant.

The demurrer to the evidence at the close of plaintiff's case should have been sustained, because of plaintiff's failure to prove ownership of the property alleged to have been damaged, which it was necessary to prove to entitle plaintiff to recover under the law of this case as announced by the St. Louis Court of Appeals on a former appeal.   Parker-Washington Co. v. Transit Co., 131 Mo. App. 508; Railroad v. Bridge Co., 215 Mo. 286; Evers v. Ferry Co., 127 Mo. App. 236; Rigsby v. Oil Well Co., 130 Mo. App. 128; Mill Co. v. Sugg, 206 Mo. 148.

*Barclay, Fauntleroy & Cullen* for respondent.

(1)   A bailee has a sufficient ownership to maintain an action for damages because of the negligence of a third party.   S. & M. Co. v. Transit Co., 120 Mo. App. 414.   As the bailee has the right to the possession, he is the proper party to sue for damages caused while in his possession, and a recovery by him precludes a further recovery by the owner.   Railroad v. Railroad, 78 Mo. 245.   (2) Where a case is reversed for failure of the evidence to prove certain facts it is proper to introduce such evidence, and the judgment on the former appeal is no bar to recovery.   Williams v. Butterfield, 214 Mo. 428; Vaughn v. Wabash, 78 Mo. App. 644; May v. Crawford, 150 Mo. 525; Crispen v. Hannoran, 86 Mo. 168.   And the judgment, on a trial had in accordance with the views expressed on the first appeal, will be affirmed.   Sublette v. Railroad, 122 Mo. App. 389.

NORTONI, J.—This is a suit for damages to a steam street roller resulting from a collision with defendant's street car through its negligence.   Plaintiff recovered and defendant prosecutes the appeal.

Plaintiff is an incorporated company and engaged in the occupation of building streets, while defendant

owns and operates a line of street railway in the city of St. Louis. At the time defendant's car collided with and damaged the steam roller, plaintiff was reconstructing Twentieth street at its intersection with Olive street in St. Louis, under a contract with the city, and by virtue of an ordinance. The steam roller is a machine of considerable proportions, used for the purpose of rolling asphalt while it is hot and immediately after being laid, in the process of constructing the street. Defendant's street car ran upon and damaged the roller, so that plaintiff was required to pay out $260 for its repair. There is no controversy here about the question of negligence, nor as to the amount of recovery. The appeal seems to concede that defendant is liable to respond for the damage to the roller except for the fact that it appears the roller belonged to the Gilsonite Construction Company and not to plaintiff. Indeed, the record presents but one main question for consideration and that relates to the right of a bailee to recover damages inflicted by defendant upon the subject of the bailment; and this must be determined, in part at least, by reference to a former decision between the same parties in this same case. It is stipulated that the steam roller belonged to the Gilsonite Construction Company and was in possession of plaintiff at the time of the collision, under a contract, whereby plaintiff paid the Gilsonite Construction Company ten dollars a day for its hire and, furthermore, agreed to return it to the owner in good repair. After the machine was injured through the collision with defendant's car, plaintiff caused it to be repaired and paid the bill therefor, and this fact is admitted by counsel.

The case was here on a former appeal, and after fully reviewing the proceedings at the trial, the judgment was reversed for the reason that the record then before us failed to show that plaintiff owned the steam roller, and we declared the trial court erred in not

sustaining the motion for a new trial on the grounds of newly-discovered evidence. After verdict on the former trial, defendant filed its motion for a new trial and, among other things, set up that it had discovered evidence since the verdict that plaintiff did not own the steam roller but that it was the property of the Gilsonite Construction Company. This ground set forth in the motion for new trial was supported by an affidavit in the record which was uncontradicted, and upon examining the evidence introduced at the trial, it appeared there was nothing therein tending to prove who owned the roller or how it came into plaintiff's possession. As before said, upon this state of the record, the court declared the judgment should be reversed and the cause remanded because of the total failure of proof touching the property right of plaintiff in the roller. The gist of that ruling is to the effect that the trial court should have sustained the motion for a new trial, to the end of permitting further proof to be made. But in the opinion, Judge Goode, for the court, remarked: "Of course the plaintiff is not entitled to recover for damages to the machine if it belongs to another party, and lack of title in the plaintiff is a fact which might well escape the attention of defendant's officers and counsel, however diligent they were in searching for evidence." [See Parker-Washington Co. v. St. Louis Transit Co., 131 Mo. App. 508, 512, 109 S. W. 1073.]

It is urged on the part of defendant that these remarks conclude the matter of plaintiff's right to recover here as *res adjudicata.* No one can doubt the general proposition that when the law of a case is declared upon appeal it becomes the law of the case upon a second trial and subsequent appeal, except under special circumstances which it is not necessary to discuss at this time. [Cape Girardeau & T. B. T. R. Co. v. Southern Illinois & Missouri Bridge Co., 215

Mo. 286, 114 S. W. 1084; St. Francis Mill Co. v. Sugg, 206 Mo. 148, 104 S. W. 45; Rigsby v. Oil Well Supply Co., 130 Mo. App. 128, 108 S. W. 1128.] But the remarks above copied from the former opinion should not conclude the question here, if it appears plaintiff, as bailee of the property, is entitled to recover the damages inflicted upon it; for such remarks pertain rather to the state of the proof then before the court than to the law of the case. It was not in evidence at that time that plaintiff was rightfully in possession of the property as bailee, and for aught that appeared, it might have been without right whatever in the premises. On the then state of the record, the only showing pertaining to this matter was the uncontradicted affidavit of the counsel in support of the motion for new trial, to the effect that plaintiff did not own the roller and that it belonged to the Gilsonite Construction Company. The judgment was reversed and the cause remanded obviously for the purpose of permitting proof to be made touching this very question. Such is the usual course of decision and procedure in the appellate courts when nothing more than an absence of material evidence appears. In such circumstances the questions of law determined on the prior appeal are concluded only when considered thereafter with reference to the same state of facts. If the essential evidence is thereafter supplied upon a retrial and a new state of facts appear, the prior ruling is by no means conclusive (May v. Crawford, 150 Mo. 504, 525, 51 S. W. 693; Williams v. Butterfield, 214 Mo. 412, 114 S. W. 13); for, as said in Vaughn et al. v. Wabash Ry. Co., 78 Mo. App. 639, 644, "It has never been held that a ruling upon one state of facts is a conclusive adjudication of the law applicable to a state of facts essentially different from the former."

At the more recent trial of the case now under review, plaintiff supplied the evidence by stipulation which was no doubt inadvertently omitted before. By

this stipulation it is agreed the steam roller belonged to the Gilsonite Construction Company and was in the possession of plaintiff at the time for hire at a rental of ten dollars per day. Furthermore, under the agreement, it devolved upon plaintiff to return the machine to the owner in good repair, and it paid out and expended $260 to reinstate it in that condition. From this it appears plaintiff was rightfully in possession of the roller as bailee thereof at the time and, therefore, had a qualified property right therein. No one can doubt that either the bailee of property or the general owner thereof may sue for and recover the damages resulting thereto from an injury inflicted by the tort of another. A recovery of damages by either the bailee or the owner operates as a full satisfaction in so far as the tortfeasor is concerned, and may be pleaded by him in bar to any subsequent suit by either the bailee or the owner. See the following authorities directly in point: Chicago & Alton R. Co. v. Kansas City Sub. Belt R. Co., 78 Mo. App. 245; American Stor. & Mov. Co. v. St. Louis Transit Co., 120 Mo. App. 410, 97 S. W. 184. Obviously the remarks above copied from the former opinion do not render the question one of *res adjudicata* in view of the evidence introduced at the subsequent trial, and plaintiff is entitled to recover. The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.