88 197
96 432
97 272
88 197
99 302

ADDIS *et al.* v. GRAHAM *et al., Appellants.*

1. **Evidence**: DEED : RECORD COPY : SEAL. Where in the record copy ·of a deed offered in evidence the statement of the officer taking the acknowledgment that he affixed his seal appears .in the body of his certificate, the presumption arises that his seal was attached thereto although no written scroll or seal was copied into the record by the officer recording the deed.

2. ———— : ————. The recorder of deeds is not required to copy the seal of the officer who took the acknowledgment of the deed.

3. **Dower** : INSUFFICIENT RELINQUISHMENT OF. The insufficiency of the wife's relinquishment of dower contained in the acknowledgment of a deed is immaterial where such question of dower is not involved.

4. **Officers** : PRESUMPTIONS AS TO ACTS OF. Presumptions are in favor of the regularity of the acts of public officers, and this rule applied in this case to officers taking acknowledgment of deeds.

5. **Lost Deeds** : SECONDARY EVIDENCE. Where diligent search has been made in the proper places for deeds and they cannot be found, secondary evidence of their contents is admissible.

6. **Record Partly Destroyed** : EVIDENCE. Where a record is partly destroyed or lost, the part remaining should be introduced in evidence when it is sought to establish the contents of such record.

7. **Contents of Lost Deed** : PAROL EVIDENCE. Parol evidence is competent to show the contents of a lost or destroyed deed or record.

8. ———— : ————. Where it is sought to show that certain lands were conveyed by such lost deed proof of the declarations of the grantor to that effect is admissible.

9. **Loss of Deed and Record** : TITLE OF GRANTEE. Where a deed

is executed, acknowledged and recorded, the loss of the deed and destruction of its record, does not affect the title of the grantee.

*Appeal from Barton Circuit Court.*—HON. C. G. BURTON, Judge.

AFFIRMED.

*Robinson & Harkless* for appellants.

(1) The court erred in permitting the old leaf, its photograph and the transcribed record to be introduced in evidence. *Chauvin v. Wagner*, 18 Mo. 531; *Tome v. Parkersburg Ry.*, 39 Md. 36. (2) The court erred in admitting in evidence the transcribed record of the deed from Wamsley to Bennett. A deed defectively acknowledged cannot be read in evidence until there is some proof that a deed once existed. R. S., sec. 679; *Harden v. Lee*, 51 Mo. 241; *Atwell v. Lynch*, 39 Mo. 519; *Hamshire v. Floyd*, 39 Tex. 103. (3) The court should have excluded the depositions of Mrs. Owens, of Parks, Boone and Brummett, These depositions attempted to show that the administrator of Wamsley did not have the deed in his possession without evidence first tending to show that a deed ever existed. (4) The court should not have left to the jury the legal effect of the deeds. *Hunt v. Railroad*, 75 Mo. 252; *Bailey v. Ormsby*, 3 Mo. 580; *Hickey v. Ryan*, 15 Mo. 63; *Cape Girardeau v. Harbinson*, 53 Mo. 90; *Wiser v. Chesley*, 53 Mo. 547.

*Buler & Timmonds* for respondents.

(1) The only real question in this case was, "did the defendant, Pinson, in 1859, execute a deed conveying the land in controversy to Alexis Wamsley?" The depositions of Florence K. and William Addis are sufficient to authorize the introduction of a record of such

deed. 1 R. S., 1879, sec. 697; *Barton v. Murian*, 27 Mo. 235 ; *Boyce's Trustees v. Mooney*, 40 Mo. 104. (2) The old leaf, of which a photograph is attached to the transcript, is shown by the testimony of the recorder of deeds to be part of the original record book B, he being the legal custodian of the record and as such it was properly admissible in evidence. R. S., sec. 697, *supra ; Odiorne v. Bacon*, 6 Cush. 185; *Miller v. Hale*, 26 Pa. St. 432; *Gray v. Davis*, 27 Conn. 447. (3) The fact that it has been injured and defaced by decay or other causes for which plaintiffs are not responsible, does not invalidate it as evidence so far as it can be deciphered. 1 Greenleaf's Evidence (Redf. Ed.) sec. 565; *Woods v. Hildebrand*, 46 Mo. 284 ; *Donaldson v. Williamson*, 50 Mo. 407. (4) The book identified by the testimony of the recorder of deeds as book B of transcribed records, is made by the special act of the legislature *prima facie* evidence of what the original deed record B contained. Act 1883, 130. That act is a constitutional and proper exercise of legislative authority. Cooley's Const. Lim. (4 Ed.) marginal pages 457 to 460 ; *Hope Mut. Ins. Co. v. Flynn*, 38 Mo. 483. (5) The record having been properly admitted to show that Pinson did convey a lot of land in Barton county to Wamsley, and appearing on its face to be so defaced and decayed that a part of the description of the land therein conveyed had become illegible the question as to whether the identical land in controversy was included in the description of the land conveyed, was one to be determined from other evidence, and all the facts and circumstances in the case, and was properly left to the jury. *Hunt v. Mo. Pacific Ry.*, 75 Mo. 252; *Slayback v. Gerkhart*, 1 Mo. App. 333.

BLACK, J,—This action of ejectment was commenced in 1882. In 1857, Pinson entered some four sections of land in Barton county and received patents therefor. The eighty acre tract in question is a part

thereof.    Plaintiffs claim title by virtue of a deed from
Pinson and wife to Wamsley made on first of February,
1859, conveying these Barton county lands, and a deed
from Wamsley to Brummett dated November 2, 1860;
they also claim through six or seven other deeds about
which no question is made here.    Mr. Burkhart testified
that he had been in the recorder's office of that county
since 1868; that the deeds filed in 1859 and 1860 were
recorded in books B and C; that those books were muti-
lated and to a great extent destroyed during the late
war; that such portions as were legible had been trans-
cribed; and that the original books were in a better
condition when copied than at the time of trial, in 1883.
Plaintiff then read in evidence from a mutilated leaf such
portions of a deed as could be deciphered.    This showed
a deed from A. L. Pinson and wife to Alexis Wamsley to
lands in Barton county, formal in all respects, to and in-
cluding the description of several parcels of land, but
not the one in question, then only a few words here and
there could be made out, showing, however, further words
of description.    The transcribed record was also read,
which is substantially the same, save that a few more words
are made to appear.    The transcribed record of the deed
from Wamsley to Brummett was also read, which is full
and formal in all respects save that hereafter noticed, and
included the property in question.    Numerous objections
were made and exceptions saved to the evidence received
by the court.

1.    The act of March 30, 1883 (Laws 1883, p. 130),
provides that these transcribed records "shall be entitled
to the same faith and credit that the original records
*   *   *   were entitled to" and "shall be received in all
courts of this state as *prima facie* evidence of the contents
of the original deed records."    We do not understand
it to be insisted here that this law is unconstitutional, as it
was below.    Let it be conceded that these transcribed
records stand upon the same footing as the original

books of record and that they are evidence only of what appears upon their face.

2. These records do not show in either case the seal of the officer taking the acknowledgment; nor is there any note of the place where the seal was placed. The recorder is not required to copy the seal of the officer who took the acknowledgment. It is sufficient if the officer states in the body of the acknowledgment that he affixed the seal of his office. This authorizes the presumption that the seal was affixed. *Geary v. City of Kansas,* 61 Mo. 379; *Norfleet v. Russell,* 64 Mo. 177. This statement is clearly made in the body of the acknowledgment in the one case and we think it sufficiently appears in the other.

3. It is further contended that these acknowledgments were insufficient to entitle the deeds to be recorded at all, and hence the records should have been excluded. The acknowledgment to the deed to Wamsley, as shown by the transcribed record, purports to have been taken before the clerk of the county court of Henry county, in which Pinson, the grantor, resided at the time. It is a formal acknowledgment to and including the statement that the wife relinquished her dower when it proceeds: "freely, voluntarily *and without compulsion or undue* influence of her husband. *In witness whereof I have hereunto set my hand and affixed the seal of said court this the ―――― day of February, 1859.* L. H. Tott, clerk." The italicised words do not appear, but blank spaces for them or words of similar import do appear. The omitted words, as to the wife's acknowledgment, are wholly immaterial here, for the question of dower is not involved. The acknowledgment of the deed made by Wamsley was taken before the clerk of the circuit court of the same county and is full and formal save it is signed, "Richard ―――― clerk." Now as these acknowledgments are formal in all other respects, were taken before recognized officers, and in view of the

condition of the old records and the inability of the parties to produce the original deeds, we may presume they were formally filled out and signed, even if anything more should be required than now appears. Presumptions are constantly made in favor of the regularity of the acts of public officers. In Stephen's Digest of Law of Evidence, article 101, the rule is thus stated : "When any judicial or official act is shown to have been done in a manner substantially regular, it is presumed that formal requisites for its validity were complied with." This or any other statement of the rule, in the nature of things, must be more or less vague. The rule can only be understood by an examination of decided cases. Best's Prin. of Evid., sec. 355. A statement on a composition deed that the deed had been duly registered pursuant to the bankrupt act, was held to be *prima facie* evidence that an affidavit required by the act was in pursuance thereof delivered to the registrar with the deed. *Id.* sec. 359. We have just had an instance of the application of the rule where the seal of the officer is not shown by the record, but is presumed to have been affixed to the deed. See, also, *Long v. The Jop. M. & S. Co.*, 68 Mo. 422. The presumptions made in the case at bar are in harmony with all the probabilities and not opposed by a single circumstance in evidence.

4. The plaintiffs did not have these deeds in their possession. It was also shown that Wamsley's papers had been destroyed at the time these records were defaced. His administrator and the administrator of Brummett, show that diligent search had been made and the deeds could not be found. This was sufficient to entitle the plaintiff to resort to secondary evidence. 1 Greenl. Evid., sec. 558, and note *c* to sec. 84 (4 Ed.) Where a record is partly destroyed or lost the remaining portion should be introduced. *Nims v. Johnson*, 7 Cal. 110. The real question, therefore, was whether the lands in question were included in the Pinson deed.

This it was competent to show by parol evidence, both as to the deed and record. Whart. L. Evid., secs. 129 and 135; Greenl. Evid., secs. 84 and 509. The declarations of Pinson made in 1859 that he had sold his Barton county lands to Wamsley and his declarations made to young Brummett just before this suit was commenced, tending to the same result, were competent as against him. The objection that this and the other evidence allowed plaintiff to make title by parol evidence is not tenable. The whole purpose of the evidence was to show the existence, loss and the contents of the deed and record. If the deed was executed, acknowledged and recorded, the loss of the deed and the destruction of the record could not affect the grantee. As to him and his grantee it was still a properly recorded deed.

For a period of twenty years, Pinson paid no attention to the land; he was present at the trial and on the witness stand, and did not pretend to say that he had not sold this land. The judgment is right and it is affirmed. All concur.