WILLIAMS, Appellant, v. BUTTERFIELD et al.

Division Two, May 31, 1904.

1. **DEED: No Acknowledgment: Record: Notice.** A deed executed after the act of 1887 went into effect, which contains no certificate of acknowledgment by the grantor, is not entitled to be recorded, and if recorded it imparts no constructive notice to a subsequent purchaser in good faith for a valuable consideration.

2. ————: ————: **Act of 1887.** The act of 1887 (sec. 3118, R. S. 1899) which provides that hereafter when an unacknowledged deed "shall have been so recorded for the period of one year" it shall impart notice to all persons of its contents, refers to unacknowledged deeds admitted to record "one year before this law takes effect." It was not intended to apply to deeds executed after the enactment of that statute.

Appeal from Stoddard Circuit Court.—*Hon. F. R. Dearing*, Special Judge.

REVERSED AND REMANDED.

*H. S. Shaw* and *J. R. Young* for appellant.

The deeds to Wolfenden and respondents were not constructive notice to Williams; in fact, the deed to respondents is not proven: First. The acknowledgment is not according to statute. R. S. 1899, sec. 908. Second. There is no certificate to the acknowledgment recognized by statute. R. S. 1899, sec. 911. Third. Respondents' deed was not entitled to record because not proven or acknowledged. R. S. 1899, secs. 823, 9062. Fourth. A deed with a defective acknowledgment and improperly recorded is not constructive notice and the loss falls on the grantee. Bishop v. Shrinder, 46 Mo. 480; Terrell v. Andrew Co., 44 Mo. 309, 13 L. R. A. 235.

*Robert L. Wilson* and *M. A. Dempsey* for respondents.

As between the parties to a deed no acknowledgment is necessary.  Section 3118, Revised Statutes 1899, cures any defect of acknowledgment there may be.   Wilson v. Albert, 89 Mo. 537; Mitchner v. Holmes, 117 Mo. 185.   Respondents are purchasers in good faith for value.   As against them Bohlcke, and appellant claiming through him, are estopped from impeaching the deed to Wolfenden.   Draper v. Bryson, 26 Mo. 108; Barret v. Baker, 136 Mo. 512; Vance v. Corrigan, 78 Mo. 94.

FOX, J.—The statement of the facts, and the legal propositions involved arising by reason of said facts, were very clearly and concisely stated in the former consideration of this case; by permission that statement is adopted.   It is as follows:

"This is an action to quiet the title to section eleven, township twenty-six, range twelve, in Stoddard county, Missouri.   The court dismissed the bill and rendered judgment in favor of defendants for costs.   Plaintiff appeals.

"Henry Bohlcke is the common source of title, the plaintiff claiming under and directly from him, and defendants through mesne conveyances.   On the thirteenth day of December, 1888, Henry Bohlcke was the owner of said land, and he testified that day he signed a deed to said land, leaving a blank for the name of the grantee, after which the word, 'trustee' was written, and delivered it to Francis J. Peters.   The consideration for the deed was also left blank.

"Francis J. Peters testified that at Bohlcke's request, he traded the land in question for stock in a certain Electrolytic Gas Generator Syndicate of Detroit, Michigan, which was received by him, and that thereafter Bohlcke wrote to him to know to whom to make

the deed, and, that it was decided with the consent of one Mr. Wolfenden that he should take title to the land as trustee for one Mr. Wood, and did so, and the deed was made accordingly. That he saw the deed after it was sent by Bohlcke to Wolfenden, and that it was duly acknowledged and in regular form, but that he never had it, and knew nothing of its whereabouts.

"This deed, testified to by Peters, was acknowledged by Catharine Bohlcke, the wife of Henry Bohlcke, before a notary public in Stoddard county, Missouri, on the thirteenth day of December, 1888, and filed for record in the recorder's office of said county on the eleventh day of January, 1889. It does not appear from the record of the deed, as copied in the bill of exceptions, that it was ever acknowledged by Henry Bohlcke, though there was extrinsic evidence tending to show that it was, and that thereafter the certificate of acknowledgment was canceled.

"The consideration received by Bohlcke for the land was some worthless stock, purporting to be shares in a mythical concern which in fact never had any existence. This deed was afterwards attempted to be set aside in a suit by Bohlcke against Wolfenden for that purpose.

"On the thirteenth day of April, 1889, Frederick Wolfenden, as trustee, conveyed by warranty deed to the defendants, Olivia F. Butterfield and John Abbott, section 29, township 24, of range 12 east, but what place this deed has in this record is beyond our comprehension, as it does not describe the land involved in this litigation. Defendants, however, claim to own the land, and the petition alleges that it was conveyed by Wolfenden to defendants John Abbott and Olivia F. Butterfield.

"It is asserted by plaintiff that the deed from Bohlcke to Wolfenden is void because no grantee was named in it at the time of its delivery by Bohlcke to

Williams v. Butterfield.

Peters.   In other words, it is void because delivered to Peters in blank.

"But the weight of the evidence is to the effect, and the court so found, that the deed of Wolfenden was not in fact delivered to Peters in blank or otherwise, but was made directly to Wolfenden, in whose possession Peters testified that he thereafter saw it, and that it was in due form and properly executed.

"This deed seems to be an entirely different one from the deed which Bohlcke testified he delivered to Peters, and we are inclined to believe it is, if in fact he did deliver the deed in blank to Peters as he claims to have done.   From this standpoint it becomes entirely unnecessary to pass upon the question presented by plaintiff as to the invalidity of the deed in blank which it is claimed Bohlcke delivered to Peters.

"The original deed from Bohlcke and wife to Wolfenden purports to have been signed by them on December 13, 1888, and there is some extrinsic evidence that it was acknowledged by Henry Bohlcke, but so far as the record before us discloses, the acknowledgment of Mrs. Bohlcke alone appears upon the deed. It was filed for record with the certificate of acknowledgment by her in the recorder's office of Stoddard county, Missouri, on the eleventh day of January, 1889. The certificate of acknowledgment of Henry Bohlcke was not recorded, for the reason, as the evidence tended to show, that the certificate of acknowledgment as to him had been erased or canceled.   The original deed was not produced at the trial."

OPINION.

There is but one vital proposition involved in this cause, presented for our consideration.   That is this: Was the record of the deed from Bohlcke and wife to Wolfenden, embracing the land in dispute, admissible in evidence in this cause for the purpose of fixing con-

structive notice upon plaintiff of the sale of the land
prior to his (plaintiff's) purchase?

The record of this deed, as offered in evidence, does
not show any certificate of acknowledgment by Henry
Bohlcke, the grantor in said deed. Under the statute,
it must be conceded that this deed was not entitled to
be recorded, by reason of the absence of such acknowl-
edgment. [Sec. 2418, R. S. 1889.]

It follows from this, if the general rule is applicable
to this deed, that in the absence of the certificate of
acknowledgment required by the statute, it had no
place upon the land records of Stoddard county, and if
improperly recorded, would not impart constructive
notice to a subsequent purchaser in good faith, for a
valuable consideration. [Secs. 2419 and 2420, R. S.
1889; Bishop v. Schneider, 46 Mo. 472; Terrell v.
Andrew Co., 44 Mo. 309.]

It is contended by respondents, and doubtless the
learned trial judge concurred in such contention, that
this deed was admissible in evidence, for the reason
that the absence of the required statutory acknowledg-
ment was cured by the recording of it; in other words,
that this deed falls within that class of instruments
which are admissible in evidence, as contemplated by
section 3118, Revised Statutes 1899. This section pro-
vides: "All records made by the recorder of the proper
county one year before this law takes effect, by copying
from any deed or conveyance, deed of trust, mortgage,
will or copy of a will, or other instrument of writing,
whereby any real estate may be affected in law or in
equity, that has neither been proved nor acknowledged,
or which has been proved or acknowledged, but not
according to the law in force at the time the same was
recorded, shall hereafter impart notice to all persons
of the contents of such instruments; and hereafter when
any such instrument shall have been so recorded for the
period of one year, the same shall thereafter impart
notice to all persons of the contents of such instruments,

and all subsequent purchasers and mortgagees shall be deemed to purchase with notice thereof.''

Does the deed from Bohlcke and wife to Wolfenden, admitted in evidence, fall within the class of instruments contemplated by the foregoing section? The correct interpretation of that section must furnish the answer to the question. The main body of this act first made its appearance as a legislative enactment in 1847. It was continued in force as an act of that date through the different revisions of the statutes until 1887, when it was repealed and the section as it now stands was enacted. [See Laws 1887, p. 183.] The only change made in the original Act of 1847, by the substitution of the new section in 1887, was adding the following to the original act:

''And hereafter when any such instrument shall have been so recorded for the period of one year, the same shall thereafter impart notice to all persons of the contents of such instruments, and all subsequent purchasers and mortgagees shall be deemed to purchase with notice thereof.'' The amended Act of 1887 was approved March 31 of that year.

A careful analysis of this section, as amended, leads us to the conclusion that it has application only to deeds, or other instruments affecting real estate, executed and recorded one year prior to the taking effect of the act as amended in 1887. This is made clear by the terms of the act. The terms ''and hereafter when any *such instrument* shall have been so recorded for the period of one year'' can only refer to ''*such instruments*'' as were mentioned in the former part of the section, and the instruments there referred to are instruments with the defects in the acknowledgment designated, which were executed and recorded one year prior to the taking effect of this act. Note the language used, ''All records made by the recorder of the proper county, one year before this act takes

effect," then follows the designation of the instruments to which the provision is applicable.

Again, the term, "Shall have been *so* recorded for the period of one year," clearly contemplates a recording of the instrument one year prior to the taking effect of this act.

The use of the terms, "Shall have been so recorded for the period of one year," indicates that they have reference to a previous method or manner of recording mortgages mentioned in the section. This being true, to what method of recording are they applicable? There is nothing to which they can apply except the provision that "all records made by the recorder of the proper county, one year before this act takes effect," etc.

The same conclusion as herein reached as to the correct interpretation of this section, was announced by MACFARLANE, J., in Geer v. Lumber and Mining Co., 134 Mo. 1. c. 94. He said in that case, "The acknowledgment of a deed is not necessary to its validity. It only dispenses with the proof of execution, and entitles the deed to go upon the record. The want of acknowledgment in these particulars is cured by the statute. An unacknowledged deed which has in fact been recorded one year prior to 1887 is made to impart notice to all persons of its contents and all subsequent purchasers are deemed to purchase with notice thereof. [R. S. 1879, sec. 2305; Laws 1887, p. 183; R. S. 1889, sec. 4864.]"

While the statute is not fully discussed in that case, it is apparent from what was said by the learned and esteemed judge who wrote the opinion, that he regarded that section as only applicable to unacknowledged deeds which had been, in fact, recorded one year prior to 1887.

The fundamental error in the assumption that this statute was applicable to the deed admitted in evidence, which was not recorded until in 1889, is the mis-

conception of the application of the terms, "Hereafter when any such instrument shall have been so recorded." Those terms were never intended to apply to deeds or instruments executed after the enactment of that statute. They are clearly applicable only to such instruments to which reference is made in the body of the act, and the act itself only designs a change from the original act which was applicable to instruments recorded one year prior to 1847 so as to make it applicable to deeds and instruments recorded at a later date, that is, one year prior to 1887.

It is apparent that the purpose and design of the law was to cure certain defects in the execution of instruments in former years and it clearly did not contemplate its application to all instruments, regardless of the time of their being executed or recorded; if so, it is out of harmony with many other provisions of the statute on this subject.

The deed of Bohlcke and wife to Wolfenden, having been recorded on the eleventh of January, 1889, long after the law of 1887 went into effect, section 3118, supra, has no application to it, and it was error for the court to admit it in evidence for the purpose of showing constructive notice upon the plaintiff.

This being true it follows that unless the plaintiff had actual notice of such former conveyance by Bohlcke and wife to Wolfenden, then his subsequent purchase in good faith, for a valuable consideration, should be protected. That defendant may have an opportunity or introducing any other evidence in this cause and showing that plaintiff had actual notice of the former conveyance by Bohlcke and wife to Wolfenden, the judgment in this cause, for the errors indicated herein, will be reversed and the cause remanded. All concur.