E. J. WILLIAMS, Appellant, v. OLIVIA BUTTER-
FIELD et al.

Division Two, November 24, 1908.

1. **CONVEYANCES: Constructive Notice: Spoliation of Record.**
Where the original deed, presented in evidence and through
which defendants claim, shows on its face that it was acknowl-
edged by the grantor and the notary in his certificate thereon
so certifies, and the recorder attached thereto his certificate
showing it was recorded, defendants, who are innocent purchas-
ers through that deed, are not to lose their title by the fact
that someone drew a red line through the blank form of the
acknowledgment in the record book where the deed was re-
corded—it being the custom of the recorder when a deed was
not acknowledged to draw a red line through the blank form
reserved for an acknowledgment in the printed form of deed
records.    The grantees are not to be held responsible for
the failure of the recorder to properly record their deed, es-
pecially when they have received from him a certificate, at-
tached to the deed itself, certifying that it has been recorded
as it is; and certainly this should be the ruling when there
is no explanation of who drew the red line, and the plaintiff,
a subsequent grantee from the same grantor, testified that he
had never seen the record, but relied on an abstract which
did not reveal any defect in the acknowledgment of defend-
ants' deed.

2. ——: ——: ——: **Facts Established by Proof.**    And de-
fendants have a right to establish, by their original deed
and the acknowledgment thereon and the certificate of rec-
ord, that the deed had been duly recorded, and this fact being
so established the record was constructive notice to a subse-
quent purchaser, notwithstanding the unauthorized spoliation
of the record after the deed had been recorded by the draw-
ing of a red line through the certificate of acknowledgment.

3. ——: ——: ——: ——: **Retrial After Appeal.**    And
notwithstanding this court on the former appeal held that
the record with the red line through the acknowledgment was
not admissible in evidence as constructive notice, and re-
manded the cause "that defendant may have an opportunity
of introducing any other evidence in this cause, and showing
that plaintiff had actual notice of the former conveyance to
defendant," yet, if at the subsequent trial the original deed,
which was lost at the first trial, is offered in evidence, and

of itself demonstrates that it was properly acknowledged, it is admissible in evidence, and can be used to show that it was properly recorded and the record was spoliated either carelessly or by some unauthorized person. All the court decided on the former appeal was that a deed not properly acknowledged was not admissible to record, and that the record of such a deed did not impart constructive notice.

Appeal from St. Francois Circuit Court.—*Hon. C. A. Killian,* Judge.

AFFIRMED.

*Martin L. Clardy* and *James F. Green* for appellant.

(1) Defendants Darby and Hobson having purchased the property, pending the appeal, are bound by the decision heretofore rendered in this case. O'Reilly v. Nicholson, 45 Mo. 160; Becker v. Strocher, 167 Mo. 306; Burnham v. Smith, 82 Mo. App. 47; Bridge Co. v. Stone, 174 Mo. 35; Holloway v. Holloway, 103 Mo. 283; Hart v. Steedman, 98 Mo. 452; Turner v. Babb, 60 Mo. 342; McIlworth v. Hollander, 73 Mo. 112. (2) Where a cause is remanded with directions as to further procedure, it is not within the power of the trial court to reopen the case and try it anew. Chouteau v. Allen, 74 Mo. 59; Reis v. McDaniel, 131 Mo. 682; Stump v. Hornback, 109 Mo. 272; Shroyer v. Nicoll, 67 Mo. 589; Hurck v. Erskine, 50 Mo. 116; Young v. Thrasher, 123 Mo. 312; May v. Crawford, 150 Mo. 504; Baker v. Railroad, 147 Mo. 152. (3) The case having been remanded with specific directions to the trial court to try one question only, it was error to receive testimony upon any other issue. State ex rel. v. Edwards, 144 Mo. 467; Reis v. McDaniel, 131 Mo. 682; Tourville v. Railroad, 148 Mo. 623; Riley v. Sherwood, 155 Mo. 37.

*Edward A. Rozier* and *Robert L. Wilson* for respondents.

(1)    The facts being essentially different from those on the former appeal, this court will not be bound by its former opinion. Crispen v. Hannovan, 86 Mo. 168; Fuchs v. St. Louis, 167 Mo. 653; May v. Crawford, 150 Mo. 525; Vaughn v. Railroad, 78 Mo. App. 644; Grumley v. Webb, 48 Mo. 562. (2)    This court will not permit an injustice to be worked by reason of a former opinion. Bird v. Sellers, 122 Mo. 32; Rutledge v. Railroad, 123 Mo. 131; Wilson v. Beckwith, 140 Mo. 370; Vaughn v. Railroad, 78 Mo. App. 643; Bealey v. Smith, 158 Mo. 523; Bank v. Douglas, 146 Mo. 53; Chamber's Adm. v. Smith, 30 Mo. 159; Sparks v. Brown, 46 Mo. App. 534. (3) . The appellate courts are always open, even upon the second appeal, for the correction of error and the administration of justice. Rutledge v. Railroad, 123 Mo. 131; Wilson v. Beckwith, 140 Mo. 370; Vaughn v. Railroad, 78 Mo. App. 643; Bird v. Sellers, 122 Mo. 32; Bealey v. Smith, 158 Mo. 522; Baker v. Railroad, 147 Mo. 152; Hamilton v. Marks, 63 Mo. 167. (4)    The former opinion in this case is not *stare decisis*, hence the court will do justice between the parties on the facts. Bealey v. Smith, 158 Mo. 523; Hamilton v. Marks, 63 Mo. 167. (5)    The facts, whether by error or design, not having been presented to the Supreme Court in the first appeal, the doctrine of *res adjudicata* should not apply. Baker v. Railroad, 147 Mo. 152; Mfg. Co. v. Troll, 77 Mo. App. 344. (6)    The deed from Bohlcke and wife to Wolfenden having been duly acknowledged, filed for record and in fact duly recorded, imparted notice to all subsequent purchasers. Secs. 692, 2419, R. S. 1889. (7)    The deed from Bohlcke and wife being in the chain of title, all subsequent purchasers were bound to take notice. Wolfe v. Dyer, 95 Mo. 545; Tydings v. Pitcher, 82 Mo. 384. (8)    Plaintiff under the allega

tions of his petition has entirely failed to prove his cause of action.

FOX, P. J.—This is an action brought in the circuit court of Stoddard county, Missouri, to quiet the title to certain lands in Stoddard county, to-wit, section eleven, township 26, range 12, east.

The amended petition states in substance that on the 13th of December, 1888, Henry Bohlcke was the owner of the said lands and that on that date one Francis J. Peters falsely and fraudulently represented to Henry Bohlcke, with intent to deceive him, that he was the duly authorized agent of the Electrolytic Gas Generator Syndicate of Detroit, Michigan, to sell the stock of said syndicate; that said syndicate was duly incorporated under the laws of Michigan, and had a paid-up stock of one million dollars, and would be one of the most prosperous syndicates in the country; that an investment in said stock would bring to the investor quick and larger profits than any other investment possibly could; that said Henry Bohlcke, relying wholly upon the said representations of said Peters and having no knowledge of the value of said stock, accepted as truth what Peters had said, and having no means of obtaining any information as to the value thereof, agreed to sell said real estate to said Peters for three shares of the capital stock of said syndicate, and at the same time said Bohlcke and wife made out and acknowledged a deed to said land leaving the consideration clause blank and the space in which the grantee's name was to be written was equally blank, and in that condition the said deed was delivered to said Peters, said Bohlcke's acknowledgment first having been erased, and in return for said deed said Peters delivered to said Henry Bohlcke three shares of the stock of said syndicate; that said deed was not to be recorded, nor the grantee's name placed therein until said Bohlcke could investigate said syndicate, and said

deed was delivered to said Peters merely as an evidence of a contract to be afterwards performed. That said land was to be conveyed to a trustee, the conditions of which trust were to be afterwards determined and decided upon when said trade was finally consummated. That all of the statements made by said Peters were false and were made for the sole purpose of deceiving said Bohlcke and procuring said real estate; that no such corporation as the Electrolytic Gas Generator Syndicate was ever organized under the laws of Michigan and the said syndicate and its seven shares were wholly fictitious, and of no value, and were so known to said Peters at the time of said transfer, and that said Bohlcke never received any other consideration from said Peters, or from the defendants for the said land, except said worthless shares; that after said deed was so delivered in said condition to said Peters, said Peters wrote or caused to be written, the name of Frederick Wolfenden as grantee in said deed, but left the consideration clause blank, and in said condition he caused said deed to be recorded in book 8, page 362, of the deed records of Stoddard county, Missouri; that said Wolfenden knew or might have known of the facts above related by the use of ordinary care; that afterwards on the 27th of March, 1889, the pretended conveyance was pretended to be executed, designing to purport to convey said real estate by said Wolfenden to the defendants, John Abbot and Olivia L. Butterfield, which said pretended deed is recorded in the deed record of Stoddard county in book W, page 351, but plaintiff states that said Wolfenden is a fictitious person and did not exist; that defendants at the time knew of said related facts and of the fraud practiced on said Bohlcke in obtaining said deed from him. That afterwards on the 15th of December, 1893, defendant John Abbott and wife executed a mortgage on said real estate to defendant

Charlotte J. Walker, recorded in book Z, page 608, of the records of Stoddard county, but that said Charlotte knew of the above related facts and of the fraud employed in obtaining said deed from said Wolfenden; that afterwards on the 3d of March, 1893, upon and after due process of law, said Bohlcke obtained a judgment against Frederick Wolfenden on account of said fraud divesting said Wolfenden of the title of said land and vesting the same in Henry Bohlcke; that on the 2d day of April, 1894, said Bohlcke and wife conveyed said real estate to the plaintiff, Edward J. Williams, and said plaintiff, Edward J. Williams, paid a valuable consideration for said real estate, and knew nothing of the claims or pretended claims on the part of any defendant, but believed that he was getting a good and valid title to said real estate; that he knew of none of the pretended conveyances above recited, or of any claims on the part of the defendants, had no knowledge or information which would lead him to believe there were any claims to said real estate at that time other than those of said Henry Bohlcke; that plaintiff paid taxes on said real estate from and after said conveyance until 1897, believing that he had title thereto, and defendants knew that he was paying said taxes in good faith, and did not inform him of other claims; that defendants were therefore estopped by said silence from setting up claims against said plaintiff. There was a prayer that the rights and interest of the respective parties be determined and defendants divested of any title they have acquired in said real estate, and the title be declared in the plaintiff.

The defendant Olivia Butterfield filed a general denial of the said petition, and alleged she was the owner of said property sued for and had paid for the same in good faith.

The case was tried in the circuit court of Stoddard

county and a judgment rendered for defendants. Plaintiff appealed to this court and the judgment was reversed and the cause remanded. The opinion of this court will be found in the 182 Mo. 181.

After the cause was remanded, the circuit court of Stoddard county granted a change of venue to St. Francois county, and it there appearing that the original files in the case had been lost, leave was obtained to supply the record, which was done. In the St. Francois court John J. Hobson and S. Darby, upon their own applications, were made defendants and filed their separate answers, in which they adopted the answers of the defendants, Butterfield and Abbott, and denied all the allegations of the petition, and allege that they had purchased said lands pending the appeal in the Supreme Court; that they purchased in good faith without any knowledge of the fact that said cause was still pending and undetermined, but believing that they acquired absolute and undisputed title to said premises. Plaintiff filed replications to the answers of Hobson and Darby denying all of the new matter therein contained.

On the 14th of January, 1905, the cause was heard and the court rendered its decree finding the issues in the cause for the defendant and adjudged the title to be in said Hobson and Darby, and thereupon, after an ineffectual motion for new trial, the cause has again been appealed to this court. The facts developed on this last trial were in substance as follows:

It was mutually agreed that Henry Bohlcke was the common source of title and thereupon the plaintiff offered and read in evidence a warranty deed dated April 2, 1894, signed by Henry Bohlcke and wife conveying to Edward J. Williams, the plaintiff, the land in controversy; the deed was acknowledged on the 2d of April, 1894, before D. R. Cox, a notary public of Dunklin county, Missouri, and recorded in Stoddard

county on the 18th of May, 1894, in book 16, page 303. The plaintiff thereupon called the attention of the court to the mandate and opinion of this court in Williams v. Butterfield, 182 Mo. 181, and rested. The defendants then read in evidence testimony of Francis J. Peters taken upon the former trial of this case and preserved in the bill of exceptions in that case. Peters testified that at Bohlcke's request he traded the land in question for the stock in the Electrolytic Gas Generator Syndicate of Detroit, Michigan, which was received by him and that thereafter Bohlcke wrote to him to know to whom to make the deed and that it was decided with the consent of Frederick Wolfenden that he should take the title to the land as trustee for one Mr. Wood and did so, and the deed was made accordingly; that he saw the deed after it was sent by Bohlcke to Wolfenden, and that it was duly acknowledged and in regular form, but that he never had it, and knew nothing of its whereabouts. J. H. Butterfield testified that as agent of his wife he purchased this land in March, 1889, for a valuable consideration and without any notice that any fraud had been practiced upon said Bohlcke. The defendant also offered in evidence a certified copy of the deed of Henry Bohlcke and wife to Wolfenden as the same appears of record at page 362 in book 8, from which it appears that Henry Bohlcke on the 15th of December, 1888, acknowledged this deed before Daniel Haynes, a notary public of Stoddard county, Missouri, and that this acknowledgment was spread upon the record, but had a red line drawn through the same upon the record book. The fact that such an acknowledgment was upon the record of Stoddard county was omitted from the bill of exceptions presented to this court upon the former appeal. The defendants then offered in evidence mesne conveyances from Frederick Wolfenden, trustee, to Olivia Butterfield and John Abbott, duly recorded in the recorder's office of Stoddard

county, April 19, 1889. Defendants then offered in evidence a deed from Olivia Butterfield and husband to Lawrence Morrison duly recorded in Stoddard county on the 19th of June, 1902, and offered a general warranty deed from John H. Morrison to John J. Hobson and Emma L. Hobson his wife, duly recorded in the recorder's office of Stoddard county the 2nd day of February, 1903, and also a deed from the said Hobson and wife to Darby. The defendant then offered in evidence the original warranty deed from Henry Bohlcke and wife to Frederick Wolfenden filed for record in the recorder's office in Stoddard county, Missouri, on the 11th day of January, 1889, together with the certificates of acknowledgment and recording endorsed thereon, from which it appeared that in addition to the acknowledgment of Catherine Bohlcke, the wife of said Henry Bohlcke, taken on the 13th of December, 1888, before Charles E. Stokes, notary public of Stoddard county, Missouri, there was also an acknowledgment of the said Henry Bohlcke in due form taken on the 15th of December, 1888, before Daniel Haynes, a notary public of Dunklin county; and attached to this deed is also a certificate of the recorder of Stoddard county, that the said instrument was on the 11th day of January, 1889, duly filed for record in his office and was duly recorded in the records of said office in book number 8, page 62. There was and is no erasure or line drawn through this acknowledgment of Henry Bohlcke in this original deed.

In offering this original deed from Bohlcke and wife, the defendants first accounted for its production by the testimony of Mr. Dempsey. He had not been of counsel in the case until long after the first trial and after the case had been pending in this court for some time. When the judgment was reversed and the cause remanded for a new trial, Mr. Dempsey set about finding the witness, Francis J. Peters, with a

view to have him testify more definitely as to the acknowledgment of the deed from Bohlcke and wife to Wolfenden. He finally ascertained that Peters resided at Texarkana, and went to see him, and learned that Peters had found the original deed while looking over some old papers for another deed and had sent it to Messrs. Russell & Russell, who were of counsel in the first trial. With this information, Mr. Dempsey went to Charleston, Missouri, and obtained the original deed from Mr. Clark Russell. Thus its absence on the first trial was fully and satisfactorily accounted for. Moreover, after the decision by Judge Deering, and in the course of the preparation of the bill of exceptions, Mr. Russell informed Mr. Young, attorney for plaintiff, that he had since the trial obtained possession of the original deed from Henry Bohlcke and wife to Frederick Wolfenden, dated December 13, 1888; and it was agreed upon between Mr. Russell and Mr. Young that, inasmuch as this original deed showed that a consideration was expressed therein, and the name of the grantee inserted therein, and the acknowledgment of Henry Bohlcke appearing thereon in due form of law, the bill of exceptions as prepared should be amended by striking out all such portions of the testimony of Henry Bohlcke that conflicted with these facts so as to prevent making a permanent record against Mr. Bohlckle of having testified to facts that were contradicted by the original, and that such mistakes or errors of testimony were to be stricken out of the record, Mr. Russell agreeing to send Mr. Young a copy of this deed to be inserted in the abstract of record upon which this case was presented to the Supreme Court on the first appeal; that by some mistake or error Mr. Russell sent a copy of the deed from Bohlcke and wife to Wolfenden dated April 8, 1889, conveying lands in section twenty-nine instead of the deed of December 13, 1888, conveying section eleven,

and that witness either did not discover the mistake, or failed to notify Mr. Russell of his mistake, and inserted in the abstract of the record this deed for land in section twenty-nine, and witness further admitted that he failed to eliminate from the abstract and record the portions of testimony agreed upon. Mr. Russell did not appear for respondent in the hearing of this case in this court on the former appeal, and the abstract of the record was not corrected in the particulars hereinabove set out.

At page 81 of the abstract the witness says:

"MR. ROZIER: Judge Dempsey testified that at the time he obtained the deed out of Judge Russell's office he got two deeds, one conveying the property described in the deed offered in evidence and also another deed between the same parties to section twenty-nine: we want to offer it in evidence to show that Mr. Russell must have sent the wrong deed, and that Mr. Young never discovered the mistake until the case was passed upon. I will ask Mr. Young if that is not correct? Ans. Yes, sir."

"By MR. CLARDY: Q. I thought it was this deed he sent you a copy of, from Mr. Bohlcke to Wolfenden? A. He intended to send me a copy of that deed, but he sent me a copy of the other deed."

I. The circuit court found all the issues for the defendants.

While Bohlcke evidently obtained nothing of value from Wolfenden, or Wood the beneficiary, the circuit court was fully justified in finding that Abbott and Mrs. Butterfield had no knowledge of the fraud, if any, practiced upon Bohlcke and they and their grantees were unaffected thereby, and were purchasers for value, in good faith and without notice of said fraud. On the former appeal it was held that the one vital proposition upon the record as it then stood, was, "was the record of the deed from Bohlcke and wife to

Wolfenden to the lands in suit, admissible in evidence, for the purpose of fixing constructive notice upon plaintiff, of the conveyance of this land prior to plaintiff's purchase?'' As the record in this court then appeared, there was no certificate of acknowledgment by Henry Bohlcke, the grantor on said deed. It was held and we still think correctly, that by reason of the absence of said acknowledgment, said deed was not entitled to be recorded under section 2418, Revised Statutes 1889, nor did it fall within the class of instruments provided for in section 3118, Revised Statutes 1899, because not recorded a year prior to the act of 1887, Laws 1887, page 183. [Geer v. Lumber & Mining Co., 134 Mo. l. c. 94; Williams v. Butterfield, 182 Mo. 181; Bishop v. Schneider, 46 Mo. 472.] The record now before us discloses that the record of deeds of Stoddard county shows on its face a proper acknowledgment of said deed by Henry Bohlcke, but a line in red ink is drawn through said acknowledgment. By whom and when this line was drawn is uncertain. The recorder of deeds had no recollection of drawing the line through the acknowledgment, and testified that it was the custom of the office to draw lines through blank forms which had not been filled, the books having been prepared for certain blank forms of deeds. He also testified that the law required (sec. 9068, R. S. 1899), and it was his custom, to note on the margin any erasures, interlineations or defects he discovered in the instruments filed for record. The abstract firm who kept an abstract of deeds made no note of any defect in the acknowledgment or erasure thereof, though this was their custom and duty, and the gentlemen who made plaintiff's abstract knew nothing of the line through Bohlcke's acknowledgment until the first trial of this case. It appears moreover that when the attention of the abstracter was directed to his abstract on which plaintiff purchased, he called attention in

his testimony on the first trial, to the fact, that his certificate covered an abstract of *fourteen pages inclusive,* and the abstract showed to him contained only *ten pages.* But the original deed itself leaves absolutely no ground to question that when it was filed and recorded, there was no line drawn through Bohlcke's acknowledgment. That the deed was entitled to be recorded and was recorded with that certificate attached, and so certified by the recorder as the law required, there can be no doubt. So that the pivotal question in this case is whether defendants are to lose their title because some one either fraudulently or carelessly had without right or authority drawn this line of red ink through Bohlcke's acknowledgment after the deed with said acknowledgment to it had been filed for record and certified. If so men's titles hang upon slender threads.

The controversy is between two innocent parties. The defendants derive their title by regular formal conveyance from Bohlcke. When Abbott and Mrs. Butterfield bought this land of Bohlcke they obtained a warranty deed duly and properly acknowledged by Bohlcke and wife and they proceeded at once to give notice to the world of their title thus obtained by promptly filing the same for record, and in due time the deed was recorded with the certificates of acknowledgment thereon, and the recorder of deeds appended his certificate of the record to the deed and delivered it to the agent of the grantees. In a word, they did all that the most prudent person would have done in like circumstances. They filed the deed for record and paid the recording fee and received a certificate that it had been duly recorded. Can it be said that in order to protect their title against subsequent purchasers, they should from time to time have gone to the recorder's office and examined the record to see if the deed was in fact recorded and had not been tam-

pered with or altered by some one without authority, by the drawing of a line through the acknowledgment? We think no such extraordinary conduct was or is demanded by the law. They had done all that prudence and diligence dictated. Had they been guilty of any negligence the maxim that "where one of two innocent persons must suffer by the acts of a third, he who has enabled such third person to occasion the loss must sustain it," might be invoked. But we are unable to discern where Abbott and Mrs. Butterfield were in any respect negligent or at fault. On the other hand, when plaintiff contemplated buying the land in suit, he was chargeable with notice of the record of deeds in the chain of title. It is true he testifies he never saw the record of this deed but relied upon his abstract, but the testimony of Mr. Reddick, the examiner of titles, shows that the abstract books of Mr. Buchanan, for whom the witness was working, did not show any want of Bohlcke's acknowledgment, or other defect in the deed, and that the abstract furnished the plaintiff contained *fourteen pages,* and they certified to the condition of the title as found in those fourteen pages, but when this abstract was shown to witness on the former trial, it contained only *ten pages.* Now would not a prudent man have at once inquired what had become of the other *four sheets* of the abstract? and if he had, it would have caused an examination of the abstracter's books, which would have revealed that this deed from Bohlcke and wife to Mrs. Butterfield and Abbott was without any intimation of any defect or want of acknowledgment, and if then he had gone to the recorder he would have found the acknowledgment of Bohlcke, but with the line drawn through it, enough however to put any prudent man on the inquiry, and an inquiry in good faith as to when and by whom and by what authority this line had been drawn would have shown that this red line was drawn with-

out authority or at least carelessly by some one in the office, and that the deed was regular in all respects and that Bohlcke had no title to convey to plaintiff. This, however, was not done.  We have no doubt of the good faith of plaintiff in purchasing the land, and a judgment denying him the title was a hardship, but a contrary ruling would operate to deprive defendants, who hold a prior deed, in equal good faith, to their land without the slightest fault on their part. Surely no such conclusion ought to be reached, if it can be avoided without a reproach to our system of the administration of justice.

Had the court house burned down and the record book been totally destroyed no doubt whatever exists that under our decisions the defendants could have shown by parol that their deed had been acknowledged by Bohlcke and recorded, and notwithstanding the destruction of the record they would have been protected for their deed had been recorded.  [Crane v. Dameron, 98 Mo. 567.]  Or if the deed had been partially destroyed, they could have supplied the lost part of the record by parol evidence and plaintiff would have been charged with constructive notice of said deed, as its partial destruction would not affect the grantee's right.  [Addis v. Graham, 88 Mo. 197; Geer v. Lumber & Mining Co., 134 Mo. 85.]

If a subsequent purchaser under our statute, section 924, Revised Statutes 1899, is charged with constructive notice of a deed properly acknowledged and recorded, even though the record was entirely destroyed, and the fact that it was acknowledged and recorded can be established by parol evidence, if the original be lost, why, if a deed had been properly acknowledged and filed for record and recorded and this record afterwards be mutilated by some unauthorized third person by drawing a line through the acknowledgment, or even if the spoliation has occurred by the carelessness of

the recorder or his deputy, may not the innocent and diligent grantee in that deed offer not merely secondary parol evidence as to the condition of the deed when filed and recorded, but the original deed itself with the acknowledgment thereon and the certificate of record on it, and thus prove to the court by the best primary evidence that his deed was not only duly acknowledged, but was filed for record without a mark or erasure or spoliation on it, and was in fact thus recorded, and that perforce in the very nature of things the unauthorized spoliation and mutilation had occurred after his deed had been properly recorded and returned to him with the certificate of record thereon, and had been abstracted before such spoliation had taken place? We think that reason and authority both concur in holding that defendants had a perfect right to establish by their deed and the acknowledgment thereon and the certificate of record, that it had been duly recorded, and when they did this it was constructive notice to plaintiff, notwithstanding the unauthorized spoliation of the record after it had been recorded. If they could not, then the decisions in the cases noted where the records were burned were wrong. We think those cases were properly decided and an unauthorized spoliation and mutilation can have no more effect to destroy the effect of the recording than the total destruction did. Men's titles ought not to be taken from them by the unauthorized acts of third parties, even though such party be a recorder or deputy recorder and his act a careless one.

But it is earnestly insisted by the counsel for plaintiff that the original deed of Bohlcke and wife to Abbott and Mrs. Butterfield and the certified copy of the deed record showing Bohlcke's acknowledgment on the deed when filed for record, are wholly inadmissible for the reason that on the former appeal (182 Mo. 181) this court adjudged that the record of

said deed imparted no notice to plaintiff because it was not entitled to be recorded and when the cause was remanded it was with directions to try one issue only, to-wit, to permit defendants to show if they could that plaintiff had actual knowledge of the deed to Wolfenden. The concluding words of the opinion on the former appeal are: *"That defendant may have an opportunity of introducing any other evidence in this cause,* and showing that plaintiff had actual notice of the former conveyance by Bohlcke and wife to Wolfenden, the judgment in this cause, for the errors indicated herein, will be reversed and the cause remanded." Counsel have misapprehended the judgment of this court. It did not direct the circuit court to render a specific judgment as was the case in State ex rel. v. Edwards, 144 Mo. 470, and Tourville v. Railroad, 148 Mo. 623, and other cases in this court. The judgment of the circuit court was reversed and the cause remanded for a new trial for the sole reason that the circuit court had admitted in evidence as constructive notice to plaintiff the deed from Bohlcke and wife, which as it then appeared to this court had no certificate of an acknowledgment by Bohlcke on it or attached to it.

The circuit court having admitted that record and held that it imparted notice in that condition, it was not necessary for defendants to do more, but when we reversed that judgment for that error, we decided no more than that the deed without an acknowledgment was not entitled to record under section 2418, Revised Statutes 1889, and did not fall within the class of instruments contemplated by section 3118, Revised Statutes 1899. We rendered no judgment in this court for plaintiff, nor directed any to be entered for him by the circuit court. On the contrary, in directing a new trial, we particularly awarded defendant the right to "introduce any other evidence in this cause," and to

"show that plaintiff had actual notice of the former conveyance." It was not our purpose to preclude a full trial of the cause anew. The effect of our judgment was that if on a new trial defendant could only show the record of a deed from Bohlcke and wife, which had no certificate of acknowledgment by Bohlcke, then of course the circuit court would accept the opinion of this court on that state of case and exclude said record of said deed because it was not entitled to record and hence not constructive notice to plaintiff, but we did not rule that defendant might not introduce the original deed with the acknowledgment on it duly certified by the recorder of deeds. Nor that defendants could not show the record itself disclosed the existence of such acknowledgment. No such question was presented to us and the transcript furnished no ground for any decision on those questions. Counsel it seems had inadvertently omitted to bring the whole page of the record to our attention in their bill of exceptions. On the new trial a different state of facts was developed, and the trial court was bound to apply the law to the new state of facts and was bound only by our decision on the former appeal to the extent that if the same state of facts appeared, it would follow our decision. But we do not care to extend the discussion of this point further, inasmuch as this court has on many occasions reviewed our own decisions on second appeals, where no hardship would result to innocent parties, and reached different conclusions as to the law itself as well as the facts of a case. [Wilson v. Beckwith, 140 Mo. 359; Bird v. Sellers, 122 Mo. 32; Rutledge v. Railroad, 123 Mo. 131.]

It need only be added that Bohlcke's evidence on the former trial was completely rebutted and destroyed as to the blanks for the consideration and the name of the grantee being unfilled. The circuit court had ample evidence to justify it in finding against plaintiff

on that branch of the case, and properly admitted the original deed and acknowledgment and the certificate of the recorder of its record.  The judgment accordingly is affirmed.

All concur.