# MARY HONEA, Appellant, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

### In Banc, January 13, 1913.*

**Per GRAVES, J., with whom BOND and FARIS, JJ., concur.**

I. **JUDGMENT: Power to Set Aside During Term: Motions After Rehearing Overruled: On Request Amici Curiae.** The Supreme Court holds within its breast all its judgments until the end of the term, and although a motion for a rehearing has been overruled, it can set aside any judgment it has rendered at any time before the term has ended, either of its own motion, or on the motion of the losing parties, or upon the suggestion of any *amicus curiae.*

2. **——: ——: ——: More Than One Motion for Rehearing.** The rule of the court against the filing of more than one motion for a rehearing was never intended to preclude the Supreme Court from exercising its inherent right to change its judgment at any time during the term, if it is of the opinion that its judgment is wrong, nor does it preclude the court from setting aside a wrong judgment upon the *bona fide* suggestion of an *amicus curiae.*

3. **EXCESSIVE VERDICT: New Trial: Reinstated by Appellate Court.** Where the plaintiff obtained a verdict, and the court, upon a motion for a new trial, containing, among other grounds, a charge that the verdict was excessive, granted a new trial on the ground of supposed error in an instruction given, and, plaintiff appeals, the Supreme Court, after determining that the in-

*NOTE.—This case was decided In Banc, and a motion for a rehearing was overruled on November 14, 1912, and the opinion of the court and the opinions on the motion for a rehearing are reported in 245 oM. 621. After said motion was overruled and the opinions certified to the Reporter, a motion *amici curiae,* asking the court to set aside its judgment, was filed, an doverruled, and upon that motion an opinion was written by GRAVES, J., and filed on January 13, 1913, and that opinion is the one here published. It was not received by me in time to be published in connection with the main case, and hence its publication here. It should be read in connection with the opinions of LAMM, GRAVES and BROWN, JJ., 245 Mo. 621, 647 and 652.—*Reporter.*

struction was not error, cannot direct the trial court to set aside its order granting a new trial and reinstate its judgment, if the court are of the opinion that the verdict is in any wise excessive, whether slightly or grossly. And a majority of the judges who took part in the decision, having been of the opinion that the verdict was excessive, the judgment of the trial court granting a new trial should be sustained, even upon the suggestion *amici curiae* after motion for rehearing has been overruled.

4. ———: ———: ———: **Point Raised by Motion for New Trial: Discretion.** Nor does it matter that the trial court granted a motion for a new trial, on the ground that an instruction given was erroneous, if the motion also charged that the verdict was excessive. The Supreme Court is bound to consider the grounds assigned in the motion, whether or not they were ignored by the trial court, and if any one of them is sufficient ground for a new trial, the order allowing it should be upheld, and cannot be overridden without interfering with the discretion of the trial court. And if a majority of the Supreme Court are of the opinion that the verdict is excessive, and its excessiveness was one of the grounds of the motion, it would be interfering with the trial court's discretion to hold it erred in granting a new trial. The Supreme Court can set aside a verdict for excessiveness only when its excess is such as to shock the conscience of the judges. It cannot interfere with the discretion of the trial court in setting aside a verdict for excessiveness, unless it is apparent that the discretion has been abused.

5. ———: ———: ———: **Not Suggested in Brief.** Where defendant filed a motion to set aside a verdict for plaintiff, charging, among other things, that the verdict is excessive, and the court sustains the motion on the ground that an instruction given was erroneous, and plaintiff appeals, and the Supreme Court holds the instruction was not erroneous, the fact that the respondent did not suggest in its brief that the verdict was excessive, does not preclude the Supreme Court from sustaining the order on that ground. The respondent has a right to stand mute. It devolves on the appellant to show that the trial court committed error in granting a new trial; not upon respondent to show its ruling was correct. Respondent can impose on the court the duty to examine all the grounds contained in the motion for a new trial.

## ON SUGGESTIONS AMICI CURIAE.

GRAVES, J.—This matter now comes up on a motion *amici curiae*. The motion for a rehearing has been filed and overruled, but the term of the court has not yet expired. That this court, like a circuit court,

holds within its own breast all of its judgments un-til the end of the term needs no citation of authority. That the humblest citizen of the State, whether he be a lawyer or a layman, can come and as *amicus curiae* humbly suggest to this court, or any other court, that its judgment tramples down legal rights and incurs legal wrongs, is likewise as firmly entrenched in the law of this State as elsewhere. That this court, of its own motion, during the term, can set aside a judg-ment which it has entered, although a motion for re-hearing has been overruled, is evidenced by what we have done in the following cases, viz.: Williams v. Butterfield, 182 Mo. 181; Hollenbeck v. Railroad, 141 Mo. 97. The same rule is also explicitly recognized by this court in the very recent case of Ewart v. Pen-iston, 233 Mo. 695, and by the Court of Appeals in Young v. Railroad, 113 Mo. App. 636. What the court can do of its own motion it can do upon suggestions *amici curiae,* it matters not how high or how low these professed friends of the court may be. Nor should it be material to the court seeking to announce correct principles of law whether the suggestions of error are upon questions purely of public benefit, or whether back of the suggestions may be some personal interest. A court like this should be glad to consider any suggestion of our error, if it be made in good faith. Our one object should be to have our judgments speak the law, and we should make them so speak so long as we have control over them.

That this court should not ignore or refuse to investigate the suggestions *amici curiae* filed in this case is thoroughly shown in the following cases: Florida v. Georgia, 15 L. Ed. (U. S.) 181, and note; The Gray Jacket, 5 Wall. (U. S.) 370; Parker v. State ex rel., 18 L. R. A. 567; State ex rel. v. Rost, 49 La. Ann. 1451; Robinson v. Lee, 122 Fed. 1010; Ex parte Yeager, 11 Gratt. 655; People v. Gibbs, 70 Mich. 425; Bass v. Fontleroy, 11 Texas, 699; Irwin v. Armuth,

129 Ind. 1. c. 342; Jones v. City of Jefferson, 66 Texas, 576.

But we need not analyze authorities. That this court upon its own motion can set aside its judgments in this court at any time during the term will not be denied. The only thing necessary is for the court to determine that its judgment is wrong. What it can do of its own motion it can do upon the suggestion of any person. The suggestion in such case is a mere light to the court.

Nor was our rule against filing more than one motion for a rehearing ever intended to preclude this court from exercising its inherent right to change its judgment at any time during the term, if the court was of the opinion that its judgment was erroneous. If the rule does not preclude this action by the court upon its own motion, it certainly does not preclude the court from acting upon any *bona fide* suggestion that by our judgment we have made the court to appear in the wrong light.

So that after all, the question comes, should we in justice to ourselves, as impartial judges of the law, permit our judgment to stand. My lips would be sealed but for the vital interest this case is to my fellow judges and members of the bar of this State. The mere fact of a railroad company having to pay the sum of ten thousand dollars is but a bagatelle of the consideration involved in the question before us. The real question of moment is, what have we done by our former opinion and what is the legal effect of that opinion? Further, how does the majority opinion affect the jurisprudence of Missouri? An answer to these questions seeks the facts of the case. In stating such facts I shall clearly hew to the written record. These are the facts:

On trial *nisi* plaintiff had a verdict for ten thousand dollars. Motion for a new trial in the circuit

court resulted in the granting of a new trial. This motion for a new trial contained the charges that the verdict was grossly excessive, among a great number of other charges. The trial court conceived that there was error in an instruction, and sustained the motion on that ground, and so designated, but remained mute as to the other grounds. In this court we were divided upon the proposition as to whether the instruction condemned by the trial court should have been condemned—the majority thinking it was improperly condemned, as I read the several opinions. If this were all there would be no occasion for the views I am now expressing; but unfortunately for this court, it is not all. At least four members of this court, in written opinions filed, have denounced this verdict as excessive, yet by our judgment we have reinstated it in defiance of the circuit court's discretion over such verdict, and in defiance of the fact that the excessiveness of the verdict was attacked by the motion for a new trial in the circuit court. [See Honea v. Railroad, 245 Mo. 621, 647, 652.]

That three judges of this court condemned this verdict as grossly excessive is made apparent by the opinion of GRAVES, J., on the motion for rehearing in this case (245 Mo. 647). Of the position of these three judges there can be no question. That BROWN, J., likewise condemned the excessiveness of this verdict is apparent of record by his opinion filed herein (245 Mo. 652). In his opinion he says:

"I am of opinion that the verdict is excessive; but not to the extent indicated in the opinion of my learned brother GRAVES, who figures the earning capacity of plaintiff's deceased husband at only $1.25 per day. He has overlooked the evidence at pages 56 and 57 of the abstract, which shows that deceased knew how to perform other kinds of work besides that of section hand; that he had worked as a lumber-

stacker, and received therefor from $1.50 to $2.40 a day.

"I do not understand that the earning capacity of a man can be measured exclusively by the wages he is receiving when killed. If so, there would be no recovery for killing or injuring a man who was temporarily out of employment.

"While the judgment may be, and I believe is, slightly excessive, I think the motion for rehearing should be overruled, for the reason that the issue of excesiveness of the verdict was not called to our attention by either of the briefs filed by learned counsel for respondent."

We have quoted fully, because it is now urged that our brother has not condemned the excessiveness of this verdict; because it is now urged that this opinion should be interpreted to mean that the verdict was not so excessive as to justify a reversal upon that ground alone.

If Judge BROWN's opinion had been written in a case where the question was the reversal or non-reversal of a judgment in this court for excessiveness of the verdict *nisi,* then the opinion might bear the construction that some of my brothers seek now to give it, but such is not the situation. In this case the trial court, in the exercise of a discretion peculiar to trial courts, had set aside this verdict. This discretion should not be disturbed by this court under an unbroken line of decisions, unless such discretion was wrongfully exercised. When the circuit court considers the question as to whether or not it will set aside the verdict for excessiveness, the question of such gross excessiveness as to shock the conscience of the court is not a matter in issue. That is a doctrine and rule peculiar to this court, and not to the trial court. The trial court had the right to set aside the verdict for excessiveness if its excess of justice was but fifty dollars. Nor can this court question the dis-

cretion of the trial court in setting aside the verdict for excessiveness, although that excess may not be such as to shock the conscience of this, an appellate court.

So that we say that when Judge BROWN's opinion declares this verdict excessive, whether he said it was grossly excessive or slightly excessive, such opinion admits the right of the trial court to have set aside that verdict upon that ground in the motion for new trial. If the trial court could have done so at the time of passing upon the motion, it is immaterial here whether he assigned the proper reason or not. So that I urge in this case that a majority of this court have denounced the verdict which we have reinstated as being excessive; that such excessiveness of verdict was charged in the motion for rehearing; that had the trial court assigned such excessiveness of verdict as a reason for granting the new trial, this court could not interfere. And we further say that if we could not interfere under such state of facts, then we cannot now rightfully interfere simply because the trial court has assigned a wrong reason.

There is one other suggestion made at this time which to my mind is untenable. It is urged that the excessiveness of the verdict was not suggested by the first briefs filed in this case. The distinguished judge who made this suggestion evidently overlooked the situation. The railway company was respondent and had the right to stand mute and rely upon the judgment of the trial court, which judgment comes here with a presumption of right. It devolved upon the appellant to show that there was wrong in the action of the trial court in granting the new trial, and under our rulings the appellant could not show this wrong by simply showing that the trial court had assigned a wrong reason for the new trial when a good reason therefor was contained in the motion for a new trial. Under our rulings it was not necessary for counsel to

brief this question, because he could have stood mute and filed no brief at all, and imposed upon this court the duty to examine all the questions contained in the motion for a new trial. All of these things appear to us to be excuses to evade the real issue in this case, which is when four judges, or a majority, of this court, condemn a verdict as excessive, shall a trial court be reversed because it has granted a new trial upon a motion which contained a ground charging excessiveness of verdict?

The urgency of this court to act upon this suggestion at once has precluded me from going further into the authorities of this case, a matter which I regret.

For the reason above assigned I am not only of the opinion that we should consider the question suggested by the *amicus curiae,* but upon those suggestions our judgment should be so changed as to speak the law.

For these reasons I dissent from the order and judgment of the court made herein. *Bond* and *Faris, JJ.,* concur in these views.